AMY JANE LONGO, Cal. Bar No. 198304
E-mail: LongoA@sec.gov
MELISSIA A. BUCKHALTER-HONORE, La. Bar No. 23429
E-mail: Buckhalter-HonoreM@sec.gov

Attorneys for Applicant
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Lorraine B. Echavarria, Associate Regional Director
John W. Berry, Regional Trial Counsel
444 South Flower Street, Suite 900
Los Angeles, California 90071-9591
Telephone:  (323) 965-3998
Facsimile:  (213) 443-1905

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>             Applicant,<br><br>      vs.<br><br>ELITE ADVISORS SPORTS MANAGEMENT, INC; FRANK ROBLEDO.<br><br>             Respondents. | Case No.  _____<br><br>**SECURITIES AND EXCHANGE COMMISSION'S APPLICATION FOR AN ORDER TO SHOW CAUSE AND APPLICATION FOR AN ORDER COMPELLING COMPLIANCE WITH ADMINISTRATIVE SUBPOENAS** |

## I.      INTRODUCTION

1.      The Applicant, the Securities and Exchange Commission (the "SEC"), hereby applies to this Court for an Order to Show Cause why an order should not issue requiring Respondents Elite Advisors Sports Management, Inc. ("EASM") and Frank Robledo ("Robledo") (collectively, "Respondents") to comply with three administrative subpoenas issued and properly served on them by the SEC as follows:  (1) a subpoena to Robledo dated July 9, 2014, served on July 28, 2014 (the "July subpoena"); and (2) subpoenas to EASM and Robledo both dated October 15, 2014, and served on October 16, 2014 (collectively, the "October subpoenas").

2.      This Application is based on the Declaration of Melissia A. Buckhalter-Honore ("Buckhalter Decl.") filed concurrently herewith and the exhibits attached thereto regarding notice and the other relevant factual matters in this proceeding, the Memorandum of Points and Authorities filed in support of this Application, the Proposed Order to Show Cause, and the Proposed Order Compelling Compliance, each of which is filed concurrently herewith, such matters of which judicial notice may be taken, and any other written or oral evidence as may be offered at a hearing on the Application.

## II.     JURISDICTION AND VENUE

3.      Jurisdiction is conferred upon this Court by Section 22(b) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77v(b), and Section 21(c) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u(c).

4.      Venue is proper in the Central District of California because the SEC's investigation is being carried out by the SEC's Los Angeles Regional Office, which is located within this Court's judicial district.  *See*, 15 U.S.C. § 78u(c).

## III.    RESPONDENTS

5.      Respondent EASM was incorporated in California in 2008.  Its

1  principal place of business during the relevant time period was 601 South Figueroa

2  Street, Suite 4050, Los Angeles, CA 90017.  EASM is a sports agency that

3  represents professional sports players.  Since being subpoenaed, EASM has moved

4  offices and now uses Robledo's home address.

5      6.      Respondent Robledo resides in West Covina, California.  Robledo is

6  the Chairman and President of EASM.

7  **IV.    THE SEC'S INVESTIGATION**

8      7.      On June 26, 2014, the SEC issued a formal order of private

9  investigation (the "Formal Order"), entitled *In the Matter of Elite Advisors Sports*

10 *Management*, SEC File No. LA-4415, pursuant to Section 20(a) of the Securities

11 Act, 15 U.S.C. § 77t(a), and Section 21(a) of the Exchange Act, 15 U.S.C. §

12 78u(a).

13     8.      Pursuant to the Formal Order, the SEC directed that an investigation

14 be conducted to determine, among other things, whether any persons or entities

15 affiliated with EASM are engaging in or are about to engage in violations of

16 Sections 5(a) and 17(a) of the Securities Act of 1933, 15 U.S.C. §§ 77e(a), 77q(a),

17 and Sections 10(b) and 15(a) of the Exchange Act of 1934, 15 U.S.C. §§ 78j(b),

18 78o(a), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, by carrying out various

19 acts and practices.

20     9.      Pursuant to Section 19(c) of the Securities Act, 15 U.S.C. § 77s(c),

21 and Section 21(b) of the Exchange Act, 15 U.S.C. § 78u(b), the Formal Order

22 designates certain members of the SEC staff as officers of the SEC.  As officers,

23 they are empowered to administer oaths and affirmations, subpoena witnesses,

24 compel their attendance, take evidence, and require the production of any books,

25 papers, correspondence, memoranda, or other records which are relevant or

26 material to the inquiry and to perform all other duties in connection therewith as

27 prescribed by law.

28

## V.  INVESTIGATIVE SUBPOENAS ISSUED

### A.  The July Subpoena

10.  On July 9, 2014, the SEC staff issued an investigative subpoena to Robledo, requiring him to produce certain documents at the SEC's Los Angeles Regional office on or before July 23, 2014, and to appear for testimony on July 23, 2014.  The SEC staff served its investigative subpoena on July 28, 2014 on Robledo via overnight delivery through United Parcel Service ("UPS").

11.  On August 4, 2014, the SEC staff contacted Respondent Robledo by email to inquire as to Robledo's compliance with the July subpoena.

12.  In response, Robledo acknowledged receipt of the July subpoena and requested an extension of time to produce documents.  The SEC staff granted an extension until August 28, 2014 for Robledo to produce documents in response to the July subpoena.

13.  Robledo, having produced no documents by August 28, 2014, on August 29, 2014 requested an additional extension until the week of September 3, 2014.

14.  Robledo produced no documents in September 2014.

### B.  The October Subpoenas

15.  On October 15, 2014, the SEC staff issued two additional administrative subpoenas, one to Robledo and one to EASM, requiring them to produce certain documents at the SEC's Los Angeles Regional office on or before October 23, 2014, and to appear for testimony on October 23, 2014.  The October subpoenas seek production of the same documents as the July subpoena, but extend the time period for responsive documents through October (rather than July), 2014. The SEC staff served the October subpoenas as follows: (1) on October 16, 2014 on EASM via overnight delivery through UPS; and (2) on October 16, 2014 on Robledo via overnight delivery through UPS.

16.  Neither EASM nor Robledo produced any documents in October

2014.

17.    On October 30, 2014, the SEC staff sent correspondence to Robledo to inquire as to his compliance with the July 9 subpoena.  The staff received no response.

18.    On November 13, 2014, the SEC staff sent correspondence to Robledo to inquire as to his compliance with the October 15 subpoena, and to advise that the staff would seek judicial enforcement of the July and October subpoenas to Robledo, absent compliance.  The staff received no response.

19.    Also on November 13, 2014, the staff sent correspondence to EASM, and advised that if EASM did not produce documents by November 19, 2014, the staff would seek judicial enforcement of the October subpoena to EASM.  The staff received no response.

20.    On December 15, 2014, Robledo contacted the SEC and claimed to have produced documents in August 2014.  The staff advised Robledo that it had received no documents from Robledo and requested details concerning and proof of delivery of the documents.  Robledo did not respond to the staff's request.

21.    To date, neither EASM nor Robledo have produced any documents in response to the July or October subpoenas.

**VI.    NOTICE**

22.    After personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action.

23.    The SEC gave notice of its Application to Respondents via email dated December 16, 2014, wherein the SEC staff advised Respondents that the Application would be filed in the United States District Court for the Central District of California.

WHEREAS, the SEC respectfully requests that:

a)    this Court issue an Order to Show Cause forthwith directing the Respondents to show cause, if there be any, why this Court should not order the

Respondents to produce documents responsive to the SEC's July and October

subpoenas to a duly designated officer or officers of the SEC in the Formal Order,

SEC File No. LA-4415;

   b)     upon return of the Order to Show Cause, this Court issue an Order

directing the Respondents to produce documents responsive to the SEC's July

subpoenas and October subpoenas; and

   c)     the SEC be granted such other and further relief as may be

appropriate.

Dated:  December 18, 2014               Respectfully Submitted,


_____
Amy J. Longo
Melissia A. Buckhalter-Honore
Attorneys for Applicant
Securities and Exchange Commission

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

[X]  U.S. SECURITIES AND EXCHANGE COMMISSION, 444 South Flower Street, Suite 900, Los Angeles, California 90071-9591 Telephone No. (323) 965-3998; Facsimile No. (213) 443-1905.

On December 18, 2014, I caused to be served the document entitled **SECURITIES AND EXCHANGE COMMISSION'S APPLICATION FOR AN ORDER TO SHOW CAUSE AND APPLICATION FOR AN ORDER COMPELLING COMPLIANCE WITH ADMINISTRATIVE SUBPOENA** on all the parties to this action addressed as stated on the attached service list:

[ ]  **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ] **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ] **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]  **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[X]  **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[ ]  **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[ ]  **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]  **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  December 18, 2014

/s/ Amy Jane Longo
Amy Jane Longo, Esq.

1

1
2

**SEC v. Frank Robledo and Elite Advisors Sports Management, Inc.**
**United States District Court – Central District of California**
**Case No.**

3
4

**SERVICE LIST**

5
6
7
8

Elite Advisors Sports Management, Inc.
c/o Frank Robledo
206 N. Walnuthaven Drive
West Covina, CA 91790
E-mail:  fjr@easportsmanagement.com
*Respondent*

9
10
11

Frank Robledo
206 N. Walnuthaven Drive
West Covina, CA 91790
E-mail:  fjr@easportsmanagement.com
*Respondent*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28