# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 14-9690 PA (RZx) | Date | April 27, 2015 |
|---|---|---|---|
| Title | Securities & Exchange Comm'n v. Elite Advisors Sports Management, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Stephen Montes Kerr | Leandra Amber | |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| Amy J. Longo | Dmitry Y. Gurovich |
| Melissa A. Buckhalter-Honore | |

**Proceedings:**       **IN CHAMBERS - COURT ORDER**

The Securities and Exchange Commission ("SEC") seeks an order compelling respondents Elite Advisors Sports Management, Inc. ("Elite") and Frank Robledo ("Robledo") (collectively "Respondents") to comply with administrative subpoenas. The SEC issued subpoenas to Robledo on July 9, 2014 (served on July 28, 2014) and to Robledo and Elite on October 15, 2014 (served on October 16, 2014) as part of an investigation into possible violations of Sections 5(a) and 17(a) of the Securities Act of 1933 and Sections 10(b) and 15(a) of the Exchange Act of 1934 and Rule 10b-5 thereunder. (Docket No. 1.) The SEC alleges that Elite represents professional athletes and that Robledo is Elite's Chairman and President. The SEC is investigating whether Respondents violated the federal securities laws through the fraudulent offer and sale of unregistered securities. (Docket No. 1-1 at 7.)

On February 26, 2015, this Court issued an order to show cause why an order compelling compliance with the administrative subpoenas should not be issued. (Docket No. 14.) Respondents were ordered to respond no later than March 23, 2015. They did not do so. The Court's order also provided that the parties would be heard on April 6, 2015 at 1:30 p.m. Respondents appeared and volunteered to produce documents to the SEC no later than April 10, 2015. They did not do so. The hearing was continued to April 27, 2015. Respondents appeared again and, through counsel, indicated that they would produce corporate documents and player contracts no later than May 1, 2015 and that they would produce all remaining responsive documents no later than May 18, 2015.

Judicial enforcement of an administrative subpoena is warranted "if the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." See United States v. Morton Salt Co., 338 U.S. 632, 652, 70 S. Ct. 357, 369, 94 L. Ed. 401 (1950). The Court's inquiry is limited to "(1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." FDIC v. Garner, 126 F.3d 1138, 1142 (9th Cir. 1997) (citing EEOC v. Children's Hosp. Med. Ctr. of N. Cal., 719, F. 2d 1426, 1428 (9th Cir. 1983) (en banc)). All three requirements are satisfied here.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-9690 PA (RZx) | Date | April 27, 2015 |
|---|---|---|---|
| Title | Securities & Exchange Comm'n v. Elite Advisors Sports Management, Inc., et al. | | |

First, Congress has authorized the SEC to investigate possible violations of the federal securities laws. See SEC v. Jerry T. O'Brien, Inc., 467 U.S. 735, 741 (1984) ("Congress has vested the SEC with broad authority to conduct investigations into possible violations of the federal securities laws and to demand production of evidence relevant to such investigations."); 15 U.S.C. §§ 77s(c), 78u(b).

Second, the relevant procedural requirements have been satisfied. The SEC authorized the instant investigation by issuing a Formal Order on June 26, 2014. See Declaration of Melissa A. Buckhalter-Honore ("Buckhalter Decl.") ¶4, Ex. 1. The subpoenas were issued by an SEC attorney who was designated an officer of the agency for purposes of this investigation. See 15 U.S.C. § 77s(c); 15 U.S.C. § 78u(b); Buckhalter Decl. ¶ 4, Exs. 1, 2, 16, 17. The subpoenas were properly served by United Parcel Service. See 17 C.F.R. §§ 201.150, 201.232(c).

Third, the evidence sought in the administrative subpoenas is relevant and material to the investigation. A court "must enforce administrative subpoenas unless the evidence sought by the subpoena [is] plainly incompetent or irrelevant to any lawful purpose of the agency." EEOC v. Karuk Housing Auth., 260 F.3d 1071, 1076 (9th Cir. 2001) (quotation and citations omitted); see also SEC v. Brigadoon Scotch Distributing Co., 480 F. 2d 1047, 1055 (2d Cir. 1973). Here, the SEC's subpoenas relate to business records and personal background information. None of the materials or information sought are "plainly incompetent or irrelevant" to the SEC's investigation.

When an agency has shown that the above requirements have been met, "the subpoena should be enforced unless the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly burdensome." Children's Hosp., 719 F.2d at 1428 (citing Oklahoma Press Publ'g Co. v. Walling, 327 U.S. 186, 217, 66 S. Ct. 494, 510, 90 L. Ed. 614 (1946)). Respondents have made no such showing.

The SEC's request for an order requiring compliance with its subpoenas is granted. Respondents shall comply with the subpoenas, which are attached hereto as Exhibits 1-3. Respondents are to produce corporate documents and player contracts no later than May 1, 2015 and all remaining responsive documents no later than May 18, 2015.

FAILURE TO COMPLY WITH THIS COURT'S ORDER MAY SUBJECT RESPONDENTS TO CONTEMPT PROCEEDINGS, WITH POSSIBLE PENALTIES INCLUDING MONETARY SANCTIONS AND/OR IMPRISONMENT.

IT IS SO ORDERED.

cc: Francisco S. Robledo (via regular U.S. mail)
     Dmitry Y. Gurovich (via email at gba_law@yahoo.com

EXHIBIT 1



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**LOS ANGELES REGIONAL OFFICE**
11TH FLOOR
5670 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90036-3648

Melissia A. Buckhalter-Honore
Senior Counsel
Telephone: (323) 965-4572
Facsimile: (323) 965-3908
E-Mail: Buckhalter-honorem@sec.gov

JULY 9, 2014

**VIA UPS**

Frank Robledo
14965 Camden Avenue
Chino Hills, CA 91709

Re: *Elite Advisors Sports Management, Inc.* (LA-04415)

Dear Mr. Robledo:

The staff of the Securities and Exchange Commission is conducting an investigation in the matter identified above. The enclosed **subpoena** has been issued to you as part of this investigation. The subpoena requires you to give us documents and/or provide sworn testimony. Please note that if you comply with the instructions for producing documents, you will not need to appear for testimony at the indicated time.

Please read the subpoena and this letter carefully. This letter answers some questions you may have about the subpoena. You should also read the enclosed SEC Form 1662. You must comply with the subpoena. You may be subject to a fine and/or imprisonment if you do not.

**Producing Documents**

*What materials do I have to produce?*

The subpoena requires you to give us the documents described in the attachment to the subpoena. You must provide these documents by **July 23, 2014**. The attachment to the subpoena defines some terms (such as "documents") before listing what you must provide.

Please note that if copies of a document differ in any way, they are considered separate documents and you must send each one. For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you must send both the clean copy and the one with notes.

If you prefer, you may send us photocopies of the originals. The Commission cannot reimburse you for the copying costs. The copies must be identical to the originals, including even faint marks or print. If you choose to send copies, you <u>must</u> keep the originals in a safe place. The staff will accept the copies for now, but may require you to produce the originals later.

If you <u>do</u> send us photocopies, please put an identifying notation on each page of each document to indicate that it was produced by you, and number the pages of all the documents submitted. **For documents you produce, please number the pages FR 000001, FR 000002, FR 000003, etc., in a blank corner of the documents.** Please make sure the notation and

Exhibit 2  Page 11

Frank Robledo
July 9, 2014
Page 2

number do not conceal any writing or marking on the document. If you send us originals, please do not add any identifying notations.

If you wish to produce the documents electronically, please ensure that the production complies with the guidelines enclosed with this letter.

*Do I need to send anything else?*

You should enclose a list briefly describing each item you send. The list should state which paragraph(s) in the subpoena attachment each item responds to. A copy of the subpoena should be included with the documents that are produced.

Passwords for documents, files, compressed archives, and encrypted media should be provided separately either via email addressed to ENF-CPU@sec.gov, or in a separate cover letter mailed separately from the data.

Please include a cover letter stating whether you believe you have met your obligations under the subpoena by searching carefully and thoroughly for everything called for by the subpoena, and sending it all to us.

*What if I do not send everything described in the attachment to the subpoena?*

The subpoena requires you to send all the materials described in it. If for any reason – including a claim of attorney-client privilege – you do not produce something called for by the subpoena, you should submit a list of what you are not producing. The list should describe each item separately, noting:

- its author(s);
- its date;
- its subject matter;
- the name of the person who has the item now, or the last person known to have it;
- the names of everyone who ever had the item or a copy of it, and the names of everyone who was told the item's contents; and
- the reason you did not produce the item.

If you withhold anything on the basis of a claim of attorney-client privilege or attorney work product protection, you should also identify the attorney and client involved.

*Where should I send the materials?*

Please send the materials to: ENF-CPU
U.S. Securities and Exchange Commission
100 F St., N.E., Mailstop 5973
Washington, D.C. 20549-5973

Exhibit 2  Page 12

Frank Robledo
July 9, 2014
Page 3

Please send me an email/mail of your cover letter submitted to the above location, as well as notification that you have produced the documents to the above referenced location on or before the due date. My email address is BUCKHALTER-HONOREM@SEC.GOV. (ALL LOWER CASE) My mailing address is 5670 Wilshire Blvd., 11th Floor, Los Angeles, CA 90036

## Testifying

*Where and when do I testify?*

The subpoena requires you to come to the Securities and Exchange Commission, at 9:00 a.m. at 5670 Wilshire Blvd., Suite 1100, Los Angeles, CA 90036, on **July 23, 2014,** to testify under oath in the matter identified on the subpoena. But, as noted above, if you comply with all the directions for producing documents, we will not require you to testify at the indicated time. We may require your testimony later, however.

We have also enclosed a Background Questionnaire. As part of your testimony, the staff intends to ask you questions about your background. To facilitate this process, you are requested to voluntarily complete the enclosed Background Questionnaire and return it to Ms. Buckhalter-Honore at the above address by **July 16, 2014.**

## Other Important Information

*May I have a lawyer help me respond to the subpoena?*

Yes. You have the right to consult with and be represented by your own lawyer in this matter. Your lawyer may also advise and accompany you when you testify. We cannot give you legal advice.

*What will the Commission do with the materials I send and/or the testimony I provide?*

The enclosed SEC Form 1662 includes a List of Routine Uses of information provided to the Commission. This form has other important information for you. Please read it carefully.

*Has the Commission determined that anyone has done anything wrong?*

This investigation is a non-public, fact-finding inquiry. We are trying to determine whether there have been any violations of the federal securities laws. The investigation and the subpoena do not mean that we have concluded that you or anyone else has broken the law. Also, the investigation does not mean that we have a negative opinion of any person, entity or security.

*Important Policy Concerning Settlements*

Please note that, in any matter in which enforcement action is ultimately deemed to be warranted, the Division of Enforcement will not recommend any settlement to the Commission unless the party wishing to settle certifies, under penalty of perjury, that all documents responsive to Commission subpoenas and formal and informal document requests in this matter have been produced.

Exhibit 2  Page 13

Frank Robledo
July 9, 2014
Page 4

*I have read this letter, the subpoena, and the SEC Form 1662, but I still have questions. What should I do?*

      If you have any other questions, you may contact me at (323) 965-4572.


      Sincerely,

      Melissia A. Buckhalter-Honore
      Senior Counsel


Enclosures:    Subpoena
            Attachment to Subpoena
            SEC Form 1662
            Background Questionnaire
            Electronic Document Production Guidelines



## SUBPOENA

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

_Elite Advisors Sports Management, Inc._ (LA-04415)

To:    Frank Robledo
14965 Camden Avenue
Chino Hills, CA 91709

---

☒    **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below.

ENF-CPU, U.S. Securities and Exchange Commission, 100 F St., N.E., Mailstop 5973, Washington, D.C. 20549-5973, on July 16, 2014 at 9:00 a.m.

☒    **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date and time specified below.

5670 Wilshire Blvd., 11th Floor, Los Angeles, CA 90036, on July 23, 2014 at 9:00 a.m.

---

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA**.
Failure to comply may subject you to a fine and/or imprisonment.

By:   _Melissia A. Buckhalter Honore_   Date:  July 9, 2014
Melissia A. Buckhalter-Honore

I am an officer of the Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 20(a) of the Securities Act of 1933, Section 21(a) of the Securities Exchange Act of 1934.

---

NOTICE TO WITNESS:    If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

Exhibit 2  Page 15



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**LOS ANGELES REGIONAL OFFICE**
11TH FLOOR
5670 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90036-3648

ATTACHMENT TO
SUBPOENA DUCES TECUM
ISSUED TO FRANK ROBLEDO

July 9, 2014
*Elite Advisors Sports Management, Inc. (LA-04415)*

I.    Instructions and Definitions:

This subpoena duces tecum requires the production of certain documents, as specified in Paragraph II of this attachment. The required documents are to be produced in accordance with the following general requirements:

A.  You should produce all documents, and all other materials described below, in your actual or constructive possession, custody or subject to your control.

B.  Produce the entirety of each and every document described below, without alteration, deletion or obliteration of any information contained therein, even though such information is not specifically requested.

C.  You may provide original documents or photocopies of original documents, at your expense, with the understanding that the staff has the right to compel production of the original documents at a later date.

D.  The terms "document" and "information" mean all records, materials and other tangible forms of expression in your possession or custody, or under your control, whether originals, copies, annotated copies, drafts or final versions, and however created, produced, stored or maintained, including, but not limited to, charts, lists, logs, spreadsheets, financial information or analyses, books, papers, files, notes, memoranda, reports, schedules, charts, lists, transcriptions, correspondence, telegrams, telexes, wire messages, telephone messages, calendars, diaries, budgets, invoices, audio and video recordings, e-mail, text messages, instant messaging, electronic data compilations, instant messages, and other electronic media, microfilm, microfiche, computer disks (or hard copy of the data contained on such disks), and other electronic media, microfilm, microfiche, and storage devices.

E.  The term "communication" includes any transmittal or receipt of information, whether by chance or prearranged, formal or informal, oral, written or electronic, and includes without limitation: conversations, meetings and discussions in person; conversations, meetings and discussions by telephone; and written correspondence

Exhibit 2  Page 16

Frank Robledo
Subpoena Attachment
Page 2

through the use of the mails, courier services, electronic media (such as e-mail), and telephone lines and wires.

F. The term "concerning" any subject means any communication or document that evidences, involves, pertains to, constitutes, contains, discusses, embodies, evidences, reflects, identifies, states, refers to, deals with, bears upon, supports, or is in any way pertinent to that subject, including documents concerning the preparation of other documents.

G. If any of the documents called for are not produced, for whatever reason, submit a list of the documents not produced and state for each document: the creator(s) of the document, the date of its creation, its present or last known custodian, the subject matter of the document, all persons or entities known to have been furnished with the document or copies of the document or informed of its substance, and the reason the document is not produced. Additionally, if the document is no longer in existence, please state the actual or approximate date it ceased to exist, the circumstances under which it ceased to exist, and the identity of all persons having knowledge of the circumstances under which it ceased to exist or having knowledge of the contents thereof.

H. The term "Elite Advisors Sports Management" means Elite Advisors Sports Management, Inc., and all entities in which it has or has had a controlling interest, all of its attorneys, all subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships, websites and aliases, code-names or trade or business names used.

I. The term "you" or "your" means Frank Robledo and all entities in which you have or have had a controlling interest, all subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships, websites and aliases, code-names or trade or business names used by any of the foregoing.

J. "And" and "or" are to be construed in the broadest possible sense, that is in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

K. "Any" and "all" mean "each and every."

L. "Including" and "includes" mean "without limitation."

M. The use of the singular form of any word includes the plural and vice versa.

Exhibit 2  Page 17

Frank Robledo
Subpoena Attachment
Page 3

    N.  The past tense includes the present tense and vice versa.

    O.  Documents provided in response to this Subpoena shall be identified as responsive to the number of the individual demand in Paragraph II to which they are requested.

    **P.  To the extent not required to be produced below, preserve all other communications, documents, information, e-mails, computers, and electronic media related to Elite Advisors Sports Management and Maria Hernandez.**

II.  <u>Required Documents.</u>  Produce documents dated, written, generated, received, or existing during the period from **January 1, 2011, through the present**.

    A.    All documents regarding any investment opportunities, services, membership and/or products offered, directly or indirectly, by you and Elite Advisors Sports Management, including any and all offering materials, prospectuses, websites, newspaper or television advertisements, brochures, power point presentations, seminar materials, private placement memoranda, offering memoranda or correspondence, sales literature, potential and actual client lists, potential and actual investor lists, sales leads, pitch sheets, sales scripts, sales training materials, telephone notes of sales calls, and all mailing lists for distribution of such materials;

    B.    All documents that identify all officers, directors, general partners, controlling persons, employees, consultants, salespeople, affiliates, independent contractors or other representatives of Elite Advisors Sports Management from their inception through the present, including the name, title, address and telephone number of each such person or entity;

    C.    All documents that identify all persons who solicited clients and investors for Elite Advisors Sports Management.

    D.    All documents that identify any person or entity that has been contacted and/or solicited by telephone, in person, by e-mail, or received advertising, contact, solicitation and/or offering materials distributed, directly or indirectly, by you and Elite Advisors Sports Management regarding any type of services or investment into Elite Advisors Sports Management or with you including:

        1.  the name, address and telephone number of each person or entity solicited; and

        2.  the date and method of contact and/or solicitation.

Exhibit 2  Page 18

Frank Robledo
Subpoena Attachment
Page 4

E.     All documents concerning each person and entity that has entered into client agreements with you and Elite Advisors Sports Management, either directly or indirectly through another person or entity, including the name, address, and telephone number of the clients and/or investors, the dates and amounts of their investments, all executed client agreements, and any evidence of or analysis concerning the accreditation or financial status of each client and/or investor. This information should be separated by program offered.

F.     All documents concerning all communications sent to or received from clients, investors or prospective clients and investors in Elite Advisors Sports Management and with you.

G.     All documents concerning the financial books and records of you and Elite Advisors Sports Management.

H.     All documents that identify the banks, brokerages or other financial institutions into which clients and/or investor funds have been deposited, including, but not limited to:

     1.   account numbers, name and branch location of each financial institution;

     2.   names of all beneficial owners of and signatories to each account; and

     3.   monthly account statements and other periodic reports.

I.     All documents concerning deposits and withdrawals from all bank accounts maintained by you and Elite Advisors Sports Management.

J.     All documents concerning the business(es) of you and Elite Advisors Sports Management, including but not limited to all internal and external communications concerning Elite Advisors Sports Management.

K.     All customer complaints, arbitration claims and lawsuits against you and Elite Advisors Sports Management from the dates of their inception to the present, and any responses thereto, including, if applicable, copies of each executed settlement agreement;

L.     All documents concerning payments to the directors, general partners, controlling persons, employees, consultants, salespeople, independent contractors, affiliates, representatives, or agents of Elite Advisors Sports Management, including but not limited to commissions, salaries, finders' fees, bonuses, or any other compensation, along with information regarding the basis for such payments;

M.     All documents concerning payments to you.

Exhibit 2  Page 19

Frank Robledo
Subpoena Attachment
Page 5

     N.     All documents concerning payments, whether in the form of interest, principal, dividends, or otherwise, to or from the clients and investors of Elite Advisors Sports Management, along with information regarding the basis for such payments; and

     O.     All bank account and brokerage account information for Elite Advisors Sports Management.

     P.     All compliance manuals for you and Elite Advisors Sports Management.

     Q.     All signed copies of federal income tax returns filed for you and Elite Advisors Sports Management.

     R.     All documents sufficient to describe each security offered by you and Elite Advisors Sports Management.

     S.     All documents relating to the formation of Elite Advisors Sports Management including, but not limited to, any and all partnership agreements, and the company's articles of incorporation and by-laws.

     T.     All documents relating to how you and Elite Advisors Sports Management located and/or identified potential clients and investors.

     U.     All documents that evidence any investment opportunities, services and/or products offered to the public by you and Elite Advisors Sports Management.

     V.     All documents sufficient to identify any customers with whom you and Elite Advisors Sports Management have done business, including the names, telephone numbers, addresses, dates and amounts of investment for such customers, and copies of authorizations to trade on behalf of any clients, customers or investors.

     W.     All documents relating to rescission offers made to clients and/or investors by you and Elite Advisors Sports Management.

     X.     Any and all correspondence between you and FINRA, SEC, state, or any other securities regulatory agency concerning you and Elite Advisors Sports Management.

     Y.     Any and all filings with FINRA, SEC, state, or any other securities regulatory agency concerning you and Elite Advisors Sports Management.

     Z.     All documents that evidence grounds for any and all exemptions from the registration requirements of federal securities laws that apply to securities offered and sold by you and Elite Advisors Sports Management.

Exhibit 2  Page 20

Frank Robledo
Subpoena Attachment
Page 6

AA. All documents relating to the use of any broker-dealer in the services of you and Elite Advisors Sports Management and all documents relating to the sale of securities by you and Elite Advisors Sports Management.

BB. All documents that evidence grounds for any and all exemptions from the broker-dealer registration requirements of the federal securities laws that apply to you and Elite Advisors Sports Management.

CC. All client and/or investor statements generated by you and Elite Advisors Sports Management.

DD. All documents sufficient to identify any and all employees of Elite Advisors Sports Management.

EE. All documents relating to your involvement in hiring any sales personnel for Elite Advisors Sports Management.

FF. All documents relating to the payment of compensation, whether by salary, commission or otherwise, of Elite Advisors Sports Management past and present employees, officers, directors, salespersons, and independent contractors, including, but not limited to, employment contracts, compensation plans, W-2's, and Form 1099's.

GG. All documents that evidence each and every individual or entity that has a beneficial ownership interest in Elite Advisors Sports Management.

HH. All correspondence between you and any securities broker-dealers concerning Elite Advisors Sports Management.

II. All documents that evidence your and Elite Advisors Sports Management commission rate schedule.

JJ. All documents that evidence any relationships between you, Elite Advisors Sports Management and any securities broker-dealers.

KK. All documents that were transmitted or received at **personal and business** e-mail addresses, blackberry accounts, or other accounts that were utilized by you or that were maintained by you, or that were transmitted or received by entities or individuals controlled by you or at your direction, that were transmitted, either directly or indirectly. These documents should include, but not be limited to, monthly statements, correspondence, memoranda, contracts and agreements, and electronic and paper copies of all e-mails received or sent from such addresses or accounts during this relevant period.

Exhibit 2  Page 21

Frank Robledo
Subpoena Attachment
Page 7

      LL.    All materials provided to potential investors in any of your and Elite Advisors Sports Management programs, including, and without limitation, its REIT programs.

     MM.  All agreements between Elite Advisors Sports Management and any of its loan servicers.

Exhibit 2  Page 22

Frank Robledo
Subpoena Attachment
Page 8

## BACKGROUND QUESTIONNAIRE

### Patrick Nelson

**Please respond to the following questions in the space provided. If you need additional space for any response, you may attach additional pieces of paper.**

Today's date:

1.      What is your full name?

2.      Have you ever been known by any other name?  Yes ☐ No ☐

        If yes, list each such name and the period(s) in which you were known by that name.

3.      Social Security Number?

4.      Date and Place of Birth?

5.      Country of Citizenship?

6.      Marital Status?  Married ☐ Divorced ☐ Single ☐

        If you have ever been married, state for each marriage: (i) the date(s) of the marriage; (ii) the name of your spouse; and (iii) your spouse's maiden name, if any.

7.      List the names, ages and occupations of your children, if any.

8.      List all residences you occupied at any time during the last three years, including vacation homes, beginning with your current residence.  For each residence, state the

Exhibit 2  Page 23

Frank Robledo
Subpoena Attachment
Page 9

      address, dates of residence, and all telephone numbers (including facsimile numbers) listed at that address.

9.     List all telephone numbers and telephone credit card numbers that were in your name or that you regularly used at any time during the last three years. Include all residential, business, car, credit card and cellular telephone numbers, including those listed in your response to question 8. For each telephone number, state the name(s) of the corresponding local carrier(s) and long distance carrier(s) (e.g., Sprint, MCI, AT&T), if any.

## PUBLICLY-HELD COMPANIES

10.    Are you now, or have you ever been, an officer or director of any publicly-held company? Yes ☐ No ☐

     If yes, identify each such company and state your positions and the dates you held each position.

11.    Are you now, or have you ever been, a beneficial owner, directly or indirectly, of five per cent or more of any class of equity securities of any publicly held company? Yes ☐ No ☐

     If yes, identify each such company, and state the amount, percentage, and dates of your ownership.

## SECURITIES ACCOUNTS

12.    List all securities or brokerage accounts that you have held in your name, individually or jointly, at any time during the last three years. Include all foreign accounts. For each such account, identify: (i) the brokerage firm; (ii) the location of the branch where your account is or was held; (iii) your broker; (iv) the type of account (i.e., cash, margin or IRA); and (v) whether any person has ever held discretionary authority or power of attorney over the account; if so, name such person(s).

Exhibit 2  Page 24

Frank Robledo
Subpoena Attachment
Page 10

13.     List all securities or brokerage accounts (including foreign accounts), other than those listed in your answer to question 12, in which you had any direct or indirect beneficial interest at any time during the last three years. For each such account, provide the information requested by question 12.

14.     List all securities or brokerage accounts (including foreign accounts), other than those listed in your answer to question 12 or 13, over which you had any control at any time during the last three years. For each such account, provide the information requested by question 12.

## BANK ACCOUNTS

15.     List all accounts you have held in your name at any financial institution (i.e., bank, thrift, or credit union) at any time during the last three years. Include all foreign accounts. For each such account, identify: (i) the financial institution; (ii) the address of the branch at which your account is or was held; (iii) the type of account (i.e., checking, savings, money market or IRA); and (iv) whether any person has ever had discretionary authority or power of attorney over the account; if so, name such person(s).

Exhibit 2  Page 25

Frank Robledo
Subpoena Attachment
Page 11

16.    List all accounts at financial institutions (including foreign accounts), other than those listed in your answer to question 15, in which you had any direct or indirect beneficial interest at any time during the last three years.  For each such account, provide the information requested by question 15.

17.    List all accounts at financial institutions (including foreign accounts), other than those listed in your answer to question 15 or 16, over which you had any control at any time during the last three years.  For each such account, provide the information requested by question 15.

<u>PRIOR PROCEEDINGS</u>

18.    Have you ever testified in any proceeding conducted by the staff of the Securities and Exchange Commission, a federal or state agency, a federal or state court, a stock exchange, the National Association of Securities Dealers ("NASD") or any other self-regulatory organization ("SRO"), or in any arbitration proceeding related to securities transactions?  Yes ☐  No ☐

If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the organization or agency; and (iii) the date(s) on which you testified.

19.    Have you ever been deposed in connection with any court proceeding?  Yes ☐  No ☐

If yes, for each such proceeding, identify: (i) the title of the proceeding, and (ii) the date(s) on which you were deposed.

Exhibit 2  Page 26

Frank Robledo
Subpoena Attachment
Page 12

20.    Have you ever been named as a defendant or respondent in any action or proceeding
       brought by the SEC, any other federal agency, a state securities agency, the NASD or any
       stock exchange?  Yes ☐  No ☐

       If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the agency or
       tribunal; (iii) the substance of the allegations; (iv) the outcome of the proceeding; and (v)
       the date of the outcome.

21.    Have you ever been a defendant in any action (other than those listed in response to
       question 20) alleging violations of the federal securities laws?  Yes ☐  No ☐

       If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the court or
       tribunal; (iii) the outcome of the proceeding; and (iv) the date of the outcome.

22.    Have you ever been a defendant in any criminal proceeding other than one involving a
       minor traffic offense?  Yes ☐  No ☐

       If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the court or
       tribunal; (iii) the outcome of the proceeding; and (iv) the date of the outcome.

Exhibit 2  Page 27

Frank Robledo
Subpoena Attachment
Page 13

EDUCATIONAL HISTORY

23.    Provide the requested information about each educational institution that you have
       attended beyond junior high school, beginning with the most recent and working
       backward to the date that you completed high school.

_____

Name of School


_____     _____     _____
City              State                      Country            Zip Code

                       to
_____     _____
Dates of Attendance:    Month/Year to Month/Year    Degree/Major

                              Month/Year
              of Degree:


_____

Name of School


_____     _____     _____
City              State                      Country            Zip Code

                       to
_____     _____
Dates of Attendance:    Month/Year to Month/Year    Degree/Major

                              Month/Year
              of Degree:

Exhibit 2  Page 28

Frank Robledo
Subpoena Attachment
Page 14

_____

Name of School

| | | | |
|---|---|---|---|
| City | State | Country | Zip Code |

to

Dates of Attendance:    Month/Year to Month/Year    Degree/Major

Month/Year
of Degree:

_____

Name of School

| | | | |
|---|---|---|---|
| City | State | Country | Zip Code |

to

Dates of Attendance:    Month/Year to Month/Year    Degree/Major

Month/Year
of Degree:

24.    Other than courses taken in connection with institutions listed in response to question 23, list any securities or business related courses taken since high school. For each such course, identify the date that the course was completed and the name of the institution or organization that offered the course.

Exhibit 2  Page 29

Frank Robledo
Subpoena Attachment
Page 15

## PROFESSIONAL LICENSES/CLUBS

25.  Do you hold, or have you ever held, any professional license?  Yes ☐  No ☐

   If yes, for each such license, identify: (i) the license; (ii) the licensing organization; (iii) the date the license was awarded; (iv) the date such license terminated, if applicable; (v) the date(s) of any disciplinary proceeding(s) against you: and (vi) the outcome of any such disciplinary proceeding (e.g., reprimand, suspension, revocation).

## EMPLOYMENT HISTORY

26.  State your employment activities, beginning with the present and working backward to the date that you completed high school.

Employer's Name/Self-Employment          Your Title

Employer's Street Address          Telephone Number

City          State          Country          Zip Code

to

Dates of Employment:          Month/Year To Month/Year

Exhibit 2  Page 30

Frank Robledo
Subpoena Attachment
Page 16

| | | | |
|---|---|---|---|
| Employer's Name/Self-Employment | Your Title | | |
| Employer's Street Address | Telephone Number | | |
| City | State | Country | Zip Code |
| | to | | |
| Dates of Employment: | Month/Year To Month/Year | | |
| Employer's Name/Self-Employment | Your Title | | |
| Employer's Street Address | Telephone Number | | |
| City | State | Country | Zip Code |
| | to | | |
| Dates of Employment: | Month/Year To Month/Year | | |
| Employer's Name/Self-Employment | Your Title | | |
| Employer's Street Address | Telephone Number | | |
| City | State | Country | Zip Code |
| | to | | |
| Dates of Employment: | Month/Year To Month/Year | | |

Exhibit 2  Page 31

Frank Robledo
Subpoena Attachment
Page 17

| Employer's Name/Self-Employment | Your Title |
| --- | --- |

| Employer's Street Address | Telephone Number |
| --- | --- |

| City | State | Country | Zip Code |
| --- | --- | --- | --- |

|  | to |
| --- | --- |
| Dates of Employment: | Month/Year To Month/Year |

| Employer's Name/Self-Employment | Your Title |
| --- | --- |

| Employer's Street Address | Telephone Number |
| --- | --- |

| City | State | Country | Zip Code |
| --- | --- | --- | --- |

|  | to |
| --- | --- |
| Dates of Employment: | Month/Year To Month/Year |

Exhibit 2  Page 32

Frank Robledo
Subpoena Attachment
Page 18

| Employer's Name/Self-Employment | Your Title | | |
|---|---|---|---|
| Employer's Street Address | Telephone Number | | |
| City | State | Country | Zip Code |
| Dates of Employment: | to<br>Month/Year To Month/Year | | |


| Employer's Name/Self-Employment | Your Title | | |
|---|---|---|---|
| Employer's Street Address | Telephone Number | | |
| City | State | Country | Zip Code |
| Dates of Employment: | to<br>Month/Year To Month/Year | | |

CONTINUE ON ADDITIONAL SHEETS IF NECESSARY

Exhibit 2  Page 33

# SECURITIES AND EXCHANGE COMMISSION
## Washington, D.C. 20549

## Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information Pursuant to a Commission Subpoena

**A. False Statements and Documents**

Section 1001 of Title 18 of the United States Code provides as follows:

[W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--
(1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
(2) makes any materially false, fictitious, or fraudulent statement or representation; or
(3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
shall be fined under this title, imprisoned not more than 5 years . . . or both.

**B. Testimony**

If your testimony is taken, you should be aware of the following:

1. *Record.* Your testimony will be transcribed by a reporter. If you desire to go off the record, please indicate this to the Commission employee taking your testimony, who will determine whether to grant your request. The reporter will not go off the record at your, or your counsel's, direction.

2. *Counsel.* You have the right to be accompanied, represented and advised by counsel of your choice. Your counsel may advise you before, during and after your testimony; question you briefly at the conclusion of your testimony to clarify any of the answers you give during testimony; and make summary notes during your testimony solely for your use. If you are accompanied by counsel, you may consult privately.

If you are not accompanied by counsel, please advise the Commission employee taking your testimony if, during the testimony, you desire to be accompanied, represented and advised by counsel. Your testimony will be adjourned once to afford you the opportunity to arrange to be so accompanied, represented or advised.

You may be represented by counsel who also represents other persons involved in the Commission's investigation. This multiple representation, however, presents a potential conflict of interest if one client's interests are or may be adverse to another's. If you are represented by counsel who also represents other persons involved in the investigation, the Commission will assume that you and counsel have discussed and resolved all issues concerning possible conflicts of interest. The choice of counsel, and the responsibility for that choice, is yours.

3. *Transcript Availability.* Rule 6 of the Commission's Rules Relating to Investigations, 17 CFR 203.6, states:

A person who has submitted documentary evidence or testimony in a formal investigative proceeding shall be entitled, upon written request, to procure a copy of his documentary evidence or a transcript of his testimony on payment of the appropriate fees: *Provided, however,* That in a nonpublic formal investigative proceeding the Commission may for good cause deny such request. In any event, any witness, upon proper identification, shall have the right to inspect the official transcript of the witness' own testimony.

If you wish to purchase a copy of the transcript of your testimony, the reporter will provide you with a copy of the appropriate form. Persons requested to supply information voluntarily will be allowed the rights provided by this rule.

4. *Perjury.* Section 1621 of Title 18 of the United States Code provides as follows:

Whoever--
(1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or

SEC 1662 (08-13)

Exhibit 2  Page 34

(2) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true;

is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both.

5.  *Fifth Amendment and Voluntary Testimony.*  Information you give may be used against you in any federal, state, local or foreign administrative, civil or criminal proceeding brought by the Commission or any other agency.

You may refuse, in accordance with the rights guaranteed to you by the Fifth Amendment to the Constitution of the United States, to give any information that may tend to incriminate you.

If your testimony is not pursuant to subpoena, your appearance to testify is voluntary, you need not answer any question, and you may leave whenever you wish. Your cooperation is, however, appreciated.

6.  *Formal Order Availability.*  If the Commission has issued a formal order of investigation, it will be shown to you during your testimony, at your request. If you desire a copy of the formal order, please make your request in writing.

## C. Submissions and Settlements

Rule 5(c) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(c), states:

Persons who become involved in . . . investigations may, on their own initiative, submit a written statement to the Commission setting forth their interests and position in regard to the subject matter of the investigation. Upon request, the staff, in its discretion, may advise such persons of the general nature of the investigation, including the indicated violations as they pertain to them, and the amount of time that may be available for preparing and submitting a statement prior to the presentation of a staff recommendation to the Commission for the commencement of an administrative or injunction proceeding. Submissions by interested persons should be forwarded to the appropriate Division Director or Regional Director with a copy to the staff members conducting the investigation and should be clearly referenced to the specific investigation to which they relate. In the event a recommendation for the commencement of an enforcement proceeding is presented by the staff, any submissions by interested persons will be forwarded to the Commission in conjunction with the staff memorandum.

The staff of the Commission routinely seeks to introduce submissions made pursuant to Rule 5(c) as evidence in Commission enforcement proceedings, when the staff deems appropriate.

Rule 5(f) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(f), states:

In the course of the Commission's investigations, civil lawsuits, and administrative proceedings, the staff, with appropriate authorization, may discuss with persons involved the disposition of such matters by consent, by settlement, or in some other manner. It is the policy of the Commission, however, that the disposition of any such matter may not, expressly or impliedly, extend to any criminal charges that have been, or may be, brought against any such person or any recommendation with respect thereto. Accordingly, any person involved in an enforcement matter before the Commission who consents, or agrees to consent, to any judgment or order does so solely for the purpose of resolving the claims against him in that investigative, civil, or administrative matter and not for the purpose of resolving any criminal charges that have been, or might be, brought against him. This policy reflects the fact that neither the Commission nor its staff has the authority or responsibility for instituting, conducting, settling, or otherwise disposing of criminal proceedings. That authority and responsibility are vested in the Attorney General and representatives of the Department of Justice.

## D. Freedom of Information Act

The Freedom of Information Act, 5 U.S.C. 552 (the "FOIA"), generally provides for disclosure of information to the public. Rule 83 of the Commission's Rules on Information and Requests, 17 CFR 200.83, provides a procedure by which a person can make a written request that information submitted to the Commission not be disclosed under the FOIA. That rule states that no determination as to the validity of such a request will be made until a request for disclosure of the information under the FOIA is received. Accordingly, no response to a request that information not be disclosed under the FOIA is necessary or will be given until a request for disclosure under the FOIA is received.  If you desire an acknowledgment of receipt of your written request that information not be disclosed under the FOIA, please provide a duplicate request, together with a stamped, self addressed envelope.

2

Exhibit 2  Page 35

### E. Authority for Solicitation of Information

*Persons Directed to Supply Information Pursuant to Subpoena.* The authority for requiring production of information is set forth in the subpoena. Disclosure of the information to the Commission is mandatory, subject to the valid assertion of any legal right or privilege you might have.

*Persons Requested to Supply Information Voluntarily.* One or more of the following provisions authorizes the Commission to solicit the information requested: Sections 19 and/or 20 of the Securities Act of 1933; Section 21 of the Securities Exchange Act of 1934; Section 321 of the Trust Indenture Act of 1939; Section 42 of the Investment Company Act of 1940; Section 209 of the Investment Advisers Act of 1940; and 17 CFR 202.5. Disclosure of the requested information to the Commission is voluntary on your part.

### F. Effect of Not Supplying Information

*Persons Directed to Supply Information Pursuant to Subpoena.* If you fail to comply with the subpoena, the Commission may seek a court order requiring you to do so. If such an order is obtained and you thereafter fail to supply the information, you may be subject to civil and/or criminal sanctions for contempt of court. In addition, if the subpoena was issued pursuant to the Securities Exchange Act of 1934, the Investment Company Act of 1940, and/or the Investment Advisers Act of 1940, and if you, without just cause, fail or refuse to attend and testify, or to answer any lawful inquiry, or to produce books, papers, correspondence, memoranda, and other records in compliance with the subpoena, you may be found guilty of a misdemeanor and fined not more than $1,000 or imprisoned for a term of not more than one year, or both.

*Persons Requested to Supply Information Voluntarily.* There are no direct sanctions and thus no direct effects for failing to provide all or any part of the requested information.

### G. Principal Uses of Information

The Commission's principal purpose in soliciting the information is to gather facts in order to determine whether any person has violated, is violating, or is about to violate any provision of the federal securities laws or rules for which the Commission has enforcement authority, such as rules of securities exchanges and the rules of the Municipal Securities Rulemaking Board. Facts developed may, however, constitute violations of other laws or rules. Information provided may be used in Commission and other agency enforcement proceedings. Unless the Commission or its staff explicitly agrees to the contrary in writing, you should not assume that the Commission or its staff acquiesces in, accedes to, or concurs or agrees with, any position, condition, request, reservation of right, understanding, or any other statement that purports, or may be deemed, to be or to reflect a limitation upon the Commission's receipt, use, disposition, transfer, or retention, in accordance with applicable law, of information provided.

### H. Routine Uses of Information

The Commission often makes its files available to other governmental agencies, particularly United States Attorneys and state prosecutors. There is a likelihood that information supplied by you will be made available to such agencies where appropriate. Whether or not the Commission makes its files available to other governmental agencies is, in general, a confidential matter between the Commission and such other governmental agencies.

Set forth below is a list of the routine uses which may be made of the information furnished.

1. To appropriate agencies, entities, and persons when (a) it is suspected or confirmed that the security or confidentiality of information in the system of records has been compromised; (b) the SEC has determined that, as a result of the suspected or confirmed compromise, there is a risk of harm to economic or property interests, identity theft or fraud, or harm to the security or integrity of this system or other systems or programs (whether maintained by the SEC or another agency or entity) that rely upon the compromised information; and (c) the disclosure made to such agencies, entities, and persons is reasonably necessary to assist in connection with the SEC's efforts to respond to the suspected or confirmed compromise and prevent, minimize, or remedy such harm.

2. To other federal, state, local, or foreign law enforcement agencies; securities self-regulatory organizations; and foreign financial regulatory authorities to assist in or coordinate regulatory or law enforcement activities with the SEC.

3. To national securities exchanges and national securities associations that are registered with the SEC, the Municipal Securities Rulemaking Board; the Securities Investor Protection Corporation; the Public Company Accounting Oversight Board; the federal banking authorities, including, but not limited to, the Board of Governors of the Federal Reserve System, the Comptroller of the Currency, and the Federal Deposit Insurance Corporation; state securities regulatory agencies or organizations; or regulatory authorities of a foreign government in connection with their regulatory or enforcement responsibilities.

3

Exhibit 2  Page 36

4. By SEC personnel for purposes of investigating possible violations of, or to conduct investigations authorized by, the federal securities laws.

5. In any proceeding where the federal securities laws are in issue or in which the Commission, or past or present members of its staff, is a party or otherwise involved in an official capacity.

6. In connection with proceedings by the Commission pursuant to Rule 102(e) of its Rules of Practice, 17 CFR 201.102(e).

7. To a bar association, state accountancy board, or other federal, state, local, or foreign licensing or oversight authority; or professional association or self-regulatory authority to the extent that it performs similar functions (including the Public Company Accounting Oversight Board) for investigations or possible disciplinary action.

8. To a federal, state, local, tribal, foreign, or international agency, if necessary to obtain information relevant to the SEC's decision concerning the hiring or retention of an employee; the issuance of a security clearance; the letting of a contract; or the issuance of a license, grant, or other benefit.

9. To a federal, state, local, tribal, foreign, or international agency in response to its request for information concerning the hiring or retention of an employee; the issuance of a security clearance; the reporting of an investigation of an employee; the letting of a contract; or the issuance of a license, grant, or other benefit by the requesting agency, to the extent that the information is relevant and necessary to the requesting agency's decision on the matter.

10. To produce summary descriptive statistics and analytical studies, as a data source for management information, in support of the function for which the records are collected and maintained or for related personnel management functions or manpower studies; may also be used to respond to general requests for statistical information (without personal identification of individuals) under the Freedom of Information Act.

11. To any trustee, receiver, master, special counsel, or other individual or entity that is appointed by a court of competent jurisdiction, or as a result of an agreement between the parties in connection with litigation or administrative proceedings involving allegations of violations of the federal securities laws (as defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)) or pursuant to the Commission's Rules of Practice, 17 CFR 201.100 – 900 or the Commission's Rules of Fair Fund and Disgorgement Plans, 17 CFR 201.1100-1106, or otherwise, where such trustee, receiver, master, special counsel, or other individual or entity is specifically designated to perform particular functions with respect to, or as a result of, the pending action or proceeding or in connection with the administration and enforcement by the Commission of the federal securities laws or the Commission's Rules of Practice or the Rules of Fair Fund and Disgorgement Plans.

12. To any persons during the course of any inquiry, examination, or investigation conducted by the SEC's staff, or in connection with civil litigation, if the staff has reason to believe that the person to whom the record is disclosed may have further information about the matters related therein, and those matters appeared to be relevant at the time to the subject matter of the inquiry.

13. To interns, grantees, experts, contractors, and others who have been engaged by the Commission to assist in the performance of a service related to this system of records and who need access to the records for the purpose of assisting the Commission in the efficient administration of its programs, including by performing clerical, stenographic, or data analysis functions, or by reproduction of records by electronic or other means. Recipients of these records shall be required to comply with the requirements of the Privacy Act of 1974, as amended, 5 U.S.C. 552a.

14. In reports published by the Commission pursuant to authority granted in the federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), which authority shall include, but not be limited to, section 21(a) of the Securities Exchange Act of 1934, 15 U.S.C. 78u(a)).

15. To members of advisory committees that are created by the Commission or by Congress to render advice and recommendations to the Commission or to Congress, to be used solely in connection with their official designated functions.

16. To any person who is or has agreed to be subject to the Commission's Rules of Conduct, 17 CFR 200.735-1 to 200.735-18, and who assists in the investigation by the Commission of possible violations of the federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), in the preparation or conduct of enforcement actions brought by the Commission for such violations, or otherwise in connection with the Commission's enforcement or regulatory functions under the federal securities laws.

4

Exhibit 2  Page 37

17. To a Congressional office from the record of an individual in response to an inquiry from the Congressional office made at the request of that individual.

18. To members of Congress, the press, and the public in response to inquiries relating to particular Registrants and their activities, and other matters under the Commission's jurisdiction.

19. To prepare and publish information relating to violations of the federal securities laws as provided in 15 U.S.C. 78c(a)(47)), as amended.

20. To respond to subpoenas in any litigation or other proceeding.

21. To a trustee in bankruptcy.

22. To any governmental agency, governmental or private collection agent, consumer reporting agency or commercial reporting agency, governmental or private employer of a debtor, or any other person, for collection, including collection by administrative offset, federal salary offset, tax refund offset, or administrative wage garnishment, of amounts owed as a result of Commission civil or administrative proceedings.

\* \* \* \* \*

*Small Business Owners*: The SEC always welcomes comments on how it can better assist small businesses. If you have comments about the SEC's enforcement of the securities laws, please contact the Office of Chief Counsel in the SEC's Division of Enforcement at 202-551-4933 or the SEC's Small Business Ombudsman at 202-551-3460. If you would prefer to comment to someone outside of the SEC, you can contact the Small Business Regulatory Enforcement Ombudsman at http://www.sba.gov/ombudsman or toll free at 888-REG-FAIR. The Ombudsman's office receives comments from small businesses and annually evaluates federal agency enforcement activities for their responsiveness to the special needs of small business.

Exhibit 2  Page 38



**U.S. Securities and Exchange Commission**

<u>**Data Delivery Standards**</u>

The following outlines the technical requirements for producing scanned paper collections, email and electronic document/ native file collections to the Securities and Exchange Commission. The SEC uses Recommind® *Axcelerate* v4.5 software to search, review and retrieve documents produced to us in electronic format. Any proposed production in a format other than those identified below, the proposed use of *Predictive Coding*, *computer-assisted review* or *technology-assisted review* (TAR), or the use of de-duplication during the processing of documents, must be discussed with and approved by the legal and technical staff of the Division of Enforcement (ENF) and the methodology must be disclosed in the cover letter. We appreciate your efforts in assisting us by preparing data in a format that will enable our staff to use the data efficiently.

General Instructions ...................................................................................................................................................1

Delivery Formats.......................................................................................................................................................2

   I.   Structured Data - *Concordance*® Format............................................................................................ 2

      1.  Images ..................................................................................................................................... 2

      2.  *Concordance Image*® Cross-Reference File ......................................................................... 2

      3.  *Concordance*® Data File............................................................................................................ 3

      4.  Text ............................................................................................................................................ 6

      5.  Linked Native Files ................................................................................................................. 6

  II.  Native File Production ..................................................................................................................... 6

 III.  Audio Files ...................................................................................................................................... 6

 IV.  Video Files........................................................................................................................................ 7

  V.  Electronic Trade and Bank Records ............................................................................................... 7

 VI.  Electronic Phone Records............................................................................................................... 7

**General Instructions**

1. A cover letter should be included with each production. *This letter MUST be imaged and provided as the first record in the load file.*
    The following information should be included in the letter:
    a. List of each piece of media (hard drive, thumb drive, DVD or CD) included in the production by the unique number assigned to it, and readily apparent on the physical media.
    b. List of custodians, identifying:
        1) The Bates range (and any gaps therein) for each custodian
        2) Total number of records for each custodian
        3) Total number of images for each custodian
        4) Total number of native files for each custodian
    c. List of fields in the order in which they are listed in the data file.
    d. Time zone in which emails were standardized during conversion (email collections only).
2. Documents created or stored electronically MUST be produced in their original electronic format, not printed to paper or PDF.
3. Data can be produced on CD, DVD or hard drive; *use the media requiring the least number of deliverables.*
4. Label all media with the following:
    a. Case number
    b. Production date
    c. Bates range
    d. Disk number (1 of X), if applicable

Exhibit 2  Page 39

5. Organize productions by custodian, unless otherwise instructed. All documents from an individual custodian should be confined to a single load file.
6. All productions should be checked and produced free of computer viruses.
7. All produced media should be encrypted.
8. Passwords for documents, files, compressed archives and encrypted media should be provided separately either via email or in a separate cover letter from the data.

## Delivery Formats

### I. Structured Data - *Concordance®* Format

The SEC prefers that all data be produced in structured format prepared for *Concordance®*. All scanned paper, email and native file collections should be converted / processed to TIFF files, Bates numbered, and include fully searchable text. Additionally, email and native file collections should include linked native files.

Bates numbering documents:
The Bates number must be a unique, consistently formatted identifier, i.e., an alpha prefix along with a fixed length number for EACH custodian, i.e., ABC0000001. This format MUST remain consistent across all production numbers for each custodian. The number of digits in the numeric portion of the format should not change in subsequent productions, nor should spaces, hyphens, or other separators be added or deleted.

The following describes the specifications for producing image-based productions to the SEC and the load files required for *Concordance®* and *Concordance Image®*.

#### 1. Images
  a. Images should be single-page, Group IV TIFF files, scanned at 300 dpi.
  b. File names cannot contain embedded spaces.
  c. Bates numbers should be endorsed on the lower right corner of all images.
  d. The number of TIFF files per folder should not exceed 500 files.
  e. Rendering to images PowerPoint, AUTOCAD/ photographs and Excel files:
   1) PowerPoint: All pages of the file should be scanned in full slide image format, with any speaker notes following the appropriate slide image.
   2) AUTOCAD/ photographs: If possible, files should be scanned to single page JPEG (.JPG) file format.
   3) Excel: TIFF images of spreadsheets are not useful for review purposes; because the imaging process can often generate thousands of pages per file, a placeholder image, named by the *IMAGEID* of the file, may be used instead.

#### 2. *Concordance Image®* Cross-Reference File
The image cross-reference file is needed to link the images to the database. It is a comma-delimited file consisting of seven fields per line. There must be a line in the cross-reference file for every image in the database.

The format is as follows:
*ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,BoxBreak,PageCount*

| | |
|---|---|
| *ImageID*: | The unique designation that *Concordance®* and *Concordance Image®* use to identify an image. *Note: This imageID key must be a unique and fixed length number. This number will be used in the .DAT file as the ImageID field that links the database to the images. The format of this image key must be consistent across all productions. We recommend that the format be a 7 digit number to allow for the possible increase in the size of a production.* |
| *VolumeLabel*: | Optional |
| *ImageFilePath*: | The full path to the image file. |
| *DocumentBreak*: | The letter "Y" denotes the first page of a document. If this field is blank, then the page is not the first page of a document. |
| *FolderBreak*: | Leave empty |
| *BoxBreak*: | Leave empty |
| *PageCount*: | Optional |

Exhibit 2  Page 40

U.S. Securities and Exchange Commission
Data Delivery Standards

---

**Sample**

```
IMG0000001,,E:\001\IMG0000001.TIF,Y,,,
IMG0000002,,E:\001\IMG0000002.TIF,,,,
IMG0000003,,E:\001\IMG0000003.TIF,,,,
IMG0000004,,E:\001\IMG0000003.TIF,Y,,,
IMG0000005,,E:\001\IMG0000003.TIF,Y,,,
IMG0000006,,E:\001\IMG0000003.TIF,,,,
```

3. ***Concordance*® Data File**

The data file (.DAT) contains all of the fielded information that will be loaded into the *Concordance*® database.

a. The first line of the .DAT file must be a header row identifying the field names.

b. The .DAT file must use the following *Concordance*® default delimiters:

| | | |
|---|---|---|
| Comma | ¶ | ASCII character (020) |
| Quote | þ | ASCII character (254) |
| Newline | ® | ASCII character (174) |

c. Date fields should be provided in the format: mm/dd/yyyy

d. All attachments should sequentially follow the parent document/email.

e. All metadata associated with email, audio files, and native electronic document collections must be produced (see pages 4-5).

f. The .DAT file for scanned paper collections must contain, at a minimum, the following fields:

1) FIRSTBATES: Beginning Bates number
2) LASTBATES: Ending Bates number
3) IMAGEID: Image Key field
4) CUSTODIAN: Individual from whom the document originated
5) OCRTEXT: Optical Character Recognition (file path, or text)

Sample of .DAT file (when text files are provided separately)

```
þFIRSTBATESþ¶þLASTBATESþ¶þIMAGEIDþ¶þCUSTODIANþ¶þOCRTEXTþ
þPC00000001þ¶þPC00000002þ¶þIMG0000001þ¶þSmith, Johnþ¶þE:\TEXT\PC00000001.TXTþ
þPC00000003þ¶þPC00000003þ¶þIMG0000003þ¶þSmith, Johnþ¶þE:\TEXT\PC00000003.TXTþ
þPC00000004þ¶þPC00000005þ¶þIMG0000004þ¶þSmith, Johnþ¶þE:\TEXT\PC00000004.TXTþ
```

Sample of .DAT file (with text)

```
þFIRSTBATESþ¶þLASTBATESþ¶þIMAGEIDþ¶þCUSTODIANþ¶þOCRTEXTþ
þPC00000001þ¶þPC00000002þ¶þIMG0000001þ¶þSmith, Johnþ¶þ*** IMG0000001 ***®®The world of
investing is fascinating and complex, and it can be very fruitful. But unlike the banking
world, where deposits are guaranteed by the federal government, stocks, bonds and other
securities can lose value. There are no guarantees. That's why investing is not a spectator
sport. By far the best way for investors to protect the money they put into the securities
markets is to do research and ask questions.®® *** IMG0000002 ***®®The laws and rules that
govern the securities industry in the United States derive from a simple and
straightforward concept: all investors, whether large institutions or private individuals,
should have access to certain basic facts about an investment prior to buying it, and so
long as they hold it. To achieve this, the SEC requires public companies to disclose
meaningful financial and other information to the public. This provides a common pool of
knowledge for all investors to use to judge for themselves whether to buy, sell, or hold a
particular security. Only through the steady flow of timely, comprehensive, and accurate
information can people make sound investment decisions.þ
þPC00000003þ¶þPC00000003þ¶þIMG0000003þ¶þSmith, Johnþ¶þ***IMG0000003 ***®®The result of this
information flow is a far more active, efficient, and transparent capital market that
facilitates the capital formation so important to our nation's economy.þ
þPC00000004þ¶þPC00000005þ¶þIMG0000004þ¶þSmith, Johnþ¶þ *** IMG0000004 ***®®To insure that
this objective is always being met, the SEC continually works with all major market
participants, including especially the investors in our securities markets, to listen to
their concerns and to learn from their experience.®® *** IMG0000005 ***®®The SEC oversees
the key participants in the securities world, including securities exchanges, securities
brokers and dealers, investment advisors, and mutual funds. Here the SEC is concerned
primarily with promoting the disclosure of important market-related information,
maintaining fair dealing, and protecting against fraud.þ
```

Exhibit 2  Page 41

The text and metadata of Email and the attachments, and native file document collections should be extracted and provided in a .DAT file using the field definition and formatting described below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email<br>**The LASTBATES field should be populated<br>   for single page documents/emails. |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| PARENT_BATES | EDC0000001 | First Bates number of parent document/Email<br>**This PARENT_BATES field should be populated<br>   in each record representing an attachment "child"<br>   document |
| CHILD_BATES | EDC0000002; EDC0000014 | First Bates number of "child" attachment(s); can be more than one Bates number listed depending on the number of attachments<br>**The CHILD_BATES field should be populated in<br>   each record representing a "parent" document |
| CUSTODIAN | Smith, John | Email: mailbox where the email resided<br>Native: Individual from whom the document<br>   originated |
| FROM | John Smith | Email:  Sender<br>Native: Author(s) of document<br>**semi-colon should be used to separate multiple<br>   Entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s)<br>**semi-colon should be used to separate multiple<br>   Entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s)<br>**semi-colon should be used to separate multiple<br>   Entries |
| BCC | John Cain | Blind carbon copy recipient(s)<br>**semi-colon should be used to separate multiple<br>   Entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email<br>Native: Title of document (if available) |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent<br>Native: (empty) |
| TIME_SENT | 07:05 PM | Email: Time the email was sent<br>Native: (empty)<br>**This data must be a separate field and cannot be<br>   combined with the DATE_SENT field |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document<br>**The linked file must be named per the<br>   FIRSTBATES number |
| MIME_TYPE | MSG | The content type of an Email or native file document as identified/extracted from the header |
| FILE_EXTEN | MSG | The file type extension representing the Email or native file document; will vary depending on the email format |
| AUTHOR | John Smith | Email: (empty)<br>Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty)<br>Native: Date the document was created |

Exhibit 2  Page 42

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
|---|---|---|
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| PRINTED_DATE | 10/12/2010 | Email: (empty)<br>Native: Date the document was last printed |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID<br>Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c 2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| TEXT | From: Smith, John<br>Sent: Tuesday, October 12, 2010 07:05 PM<br>To: Coffman, Janice<br>Subject: Board Meeting Minutes<br><br>Janice;<br>Attached is a copy of the September Board Meeting Minutes and the draft agenda for October. Please let me know if you have any questions.<br><br>John Smith<br>Assistant Director<br>Information Technology<br>Phone: (202) 555-1111<br>Fax: (202) 555-1112<br>Email: jsmith@xyz.com | Extracted text of the native file document/email |

Exhibit 2   Page 43

**4. Text**
Searchable text of the entire document must be provided for every record, at the document level.

    a. Extracted text must be provided for all documents that originated in electronic format. The text files should include page breaks that correspond to the 'pagination' of the image files. Note: Any document in which text cannot be extracted must be OCR'd, particularly in the case of PDFs without embedded text.

    b. OCR text must be provided for all documents that originated in hard copy format. A page marker should be placed at the beginning, or end, of each page of text, e.g. \*\*\* IMG0000001 \*\*\* whenever possible. The data surrounded by asterisks is the *Concordance®* ImageID .

       Sample page markers with OCR text:

> **\*\*\* IMG0000001 \*\*\***
>
> The world of investing is fascinating and complex, and it can be very fruitful. But unlike the banking world, where deposits are guaranteed by the federal government, stocks, bonds and other securities can lose value. There are no guarantees. That's why investing is not a spectator sport. By far the best way for investors to protect the money they put into the securities markets is to do research and ask questions.
>
> **\*\*\* IMG0000002 \*\*\***
>
> The laws and rules that govern the securities industry in the United States derive from a simple and straightforward concept: all investors, whether large institutions or private individuals, should have access to certain basic facts about an investment prior to buying it, and so long as they hold it. To achieve this, the SEC requires public companies to disclose meaningful financial and other information to the public. This provides a common pool of knowledge for all investors to use to judge for themselves whether to buy, sell, or hold a particular security. Only through the steady flow of timely, comprehensive, and accurate information can people make sound investment decisions.

    c. For redacted documents, provide the full text for the redacted version.

    d. Delivery
       The text can be delivered two ways:
       1) As multi-page ASCII text files with the files named the same as the ImageID field. Text files can be placed in a separate folder or included with the .TIF files. The number of files per folder should be limited to 500 files.
       2) Included in the .DAT file.

**5. Linked Native Files**
Copies of original email and native file documents/attachments must be included for all electronic productions.
    a. Native file documents must be named per the FIRSTBATES number.
    b. The full path of the native file must be provided in the .DAT file for the LINK field.
    c. The number of native files per folder should not exceed 500 files.

**II. Native File Production**
The SEC will also accept native file productions. The files must be produced as they are maintained in the normal course of business. Data must be organized by custodian named file folders.

**III. Audio Files**
Audio files from telephone recording systems must be produced in a format that is playable using Microsoft Windows Media Player™. Additionally, the call information (metadata) related to each audio recording MUST be provided. The metadata file must be produced in a delimited text format. Field names must be included in the first row of the text file.

The metadata must include, at a minimum, the following fields:

| | | |
|---|---|---|
| 1) | Caller Name: | Caller's name or account/identification number |
| 2) | Originating Number: | Caller's phone number |
| 3) | Called Party Name: | Called party's name |
| 4) | Terminating Number: | Called party's phone number |

Exhibit 2   Page 44

| | | |
|---|---|---|
| 5) | Date: | Date of call |
| 6) | Time: | Time of call |
| 7) | Filename: | Filename of audio file |

**IV. Video Files**

Video files must be produced in a format that is playable using Microsoft Windows Media Player™.

**V. Electronic Trade and Bank Records**

When producing electronic trade and bank records, provide the files in one of the following formats:

1. MS Excel spreadsheet with header information detailing the field structure. If any special codes exist in the dataset, a separate document must be provided that details all such codes. If details of the field structure do not fit in the header, a separate document must be provided that includes such details.

2. Delimited text file with header information detailing the field structure. The preferred delimiter is a vertical bar "|". If any special codes exist in the dataset, a separate document must be provided that details all such codes. If details of the field structure do not fit in the header, a separate document must be provided that includes such details.

**VI. Electronic Phone Records**

When producing electronic phone records, provide the files in one of the following formats:

1. MS Excel spreadsheet with header information detailing the field structure. If any special codes exist in the dataset, a separate document must be provided that details all such codes. If details of the field structure do not fit in the header, a separate document must be provided that includes such details. Data must be formatted in its native format (i.e. dates in a date format, numbers in an appropriate numerical format, and numbers with leading zeros as text).

2. Delimited text file with header information detailing the field structure. The preferred delimiter is a vertical bar "|". If any special codes exist in the dataset, a separate document must be provided that details all such codes. If details of the field structure do not fit in the header, a separate document must be provided that includes such details.

The metadata must include, at a minimum, the following fields in separate columns:

| | | |
|---|---|---|
| 1) | Account Number: | Caller's telephone account number |
| 2) | Originating Number: | Caller's phone number |
| 3) | Terminating Number: | Called party's phone number |
| 4) | Connection Date: | Date of call |
| 5) | Connection Time: | Start time of call |
| 6) | End Time: | End time of call |
| 7) | Elapsed Time: | Duration in minutes of the call |

Each field of data must be loaded into a separate column. For example, Connection Date and Connection Time must be produced in separate columns and not combined into a single column containing both pieces of information. Any fields of data that are provided in addition to those listed here must also be loaded into separate columns.

Exhibit 2  Page 45

**UPS CampusShip: View/Print Label**

1. **Ensure there are no other shipping or tracking labels attached to your package.** Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed sheet containing the label at the line so that the entire shipping label is visible. Place the label on a single side of the package and cover it completely with clear plastic shipping tape. Do not cover any seams or closures on the package with the label.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **UPS locations include the UPS Store®, UPS drop boxes, UPS customer centers, authorized retail outlets and UPS drivers.**
   Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   Hand the package to any UPS driver in your area.
   Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services(SM) (including via Ground) are also accepted at Drop Boxes. To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.

   **Customers with a Daily Pickup**
   Your driver will pickup your shipment(s) as usual.

FOLD HERE



EXHIBIT 2



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**LOS ANGELES REGIONAL OFFICE**
SUITE 900
444 SOUTH FLOWER STREET
LOS ANGELES, CALIFORNIA 90071

Melissia A. Buckhalter-Honore
Senior Counsel
Telephone: (323) 965-4572
Facsimile: (213) 443-1903
E-Mail: Buckhalter-honorem@sec.gov

OCTOBER 15, 2014

**VIA UPS**

Frank Robledo
206 N. Walnuthaven Dr.
West Covina, CA 91790

Re:     *Elite Advisors Sports Management, Inc.* (LA-04415)

Dear Mr. Robledo:

The staff of the Securities and Exchange Commission is conducting an investigation in the matter identified above. The enclosed **subpoena** has been issued to you as part of this investigation. The subpoena requires you to give us documents and/or provide sworn testimony. Please note that if you comply with the instructions for producing documents, you will not need to appear for testimony at the indicated time.

Please read the subpoena and this letter carefully. This letter answers some questions you may have about the subpoena. You should also read the enclosed SEC Form 1662. You must comply with the subpoena. You may be subject to a fine and/or imprisonment if you do not.

**Producing Documents**

*What materials do I have to produce?*

The subpoena requires you to give us the documents described in the attachment to the subpoena. You must provide these documents by **October 23, 2014**. The attachment to the subpoena defines some terms (such as "documents") before listing what you must provide.

Please note that if copies of a document differ in any way, they are considered separate documents and you must send each one. For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you must send both the clean copy and the one with notes.

If you prefer, you may send us photocopies of the originals. The Commission cannot reimburse you for the copying costs. The copies must be identical to the originals, including even faint marks or print. If you choose to send copies, you <u>must</u> keep the originals in a safe place. The staff will accept the copies for now, but may require you to produce the originals later.

If you <u>do</u> send us photocopies, please put an identifying notation on each page of each document to indicate that it was produced by you, and number the pages of all the documents submitted. **For documents you produce, please number the pages FR 000001, FR 000002, FR 000003, etc., in a blank corner of the documents.** Please make sure the notation and number do not conceal any writing or marking on the document. If you send us originals, please <u>do</u> <u>not</u> add any identifying notations.

Exhibit 16  Page 103

Frank Robledo
October 15, 2014
Page 2

If you wish to produce the documents electronically, please ensure that the production complies with the guidelines enclosed with this letter.

*Do I need to send anything else?*

You should enclose a list briefly describing each item you send. The list should state which paragraph(s) in the subpoena attachment each item responds to. A copy of the subpoena should be included with the documents that are produced.

Passwords for documents, files, compressed archives, and encrypted media should be provided separately either via email addressed to ENF-CPU@sec.gov, or in a separate cover letter mailed separately from the data.

Please include a cover letter stating whether you believe you have met your obligations under the subpoena by searching carefully and thoroughly for everything called for by the subpoena, and sending it all to us.

*What if I do not send everything described in the attachment to the subpoena?*

The subpoena requires you to send all the materials described in it. If for any reason – including a claim of attorney-client privilege – you do not produce something called for by the subpoena, you should submit a list of what you are not producing. The list should describe each item separately, noting:

- its author(s);
- its date;
- its subject matter;
- the name of the person who has the item now, or the last person known to have it;
- the names of everyone who ever had the item or a copy of it, and the names of everyone who was told the item's contents; and
- the reason you did not produce the item.

If you withhold anything on the basis of a claim of attorney-client privilege or attorney work product protection, you should also identify the attorney and client involved.

*Where should I send the materials?*

Please send the materials to: ENF-CPU
U.S. Securities and Exchange Commission
100 F St., N.E., Mailstop 5973
Washington, D.C. 20549-5973

Please send me an email/mail of your cover letter submitted to the above location, as well as notification that you have produced the documents to the above referenced location on or before the due date. My email address is BUCKHALTER-HONOREM@SEC.GOV. (ALL LOWER CASE) My mailing address is 5670 Wilshire Blvd., 11th Floor, Los Angeles, CA 90036.

## Testifying

*Where and when do I testify?*

The subpoena requires you to come to the Securities and Exchange Commission, at 9:00 a.m. at 5670 Wilshire Blvd., Suite 1100, Los Angeles, CA 90036, on **October 23, 2014**, to testify under oath in the matter identified on the subpoena. But, as noted above, if you

Exhibit 16  Page 104

Frank Robledo
October 15, 2014
Page 3

comply with all the directions for producing documents, we will not require you to testify at the indicated time. We may require your testimony later, however.

**Other Important Information**

*May I have a lawyer help me respond to the subpoena?*

Yes. You have the right to consult with and be represented by your own lawyer in this matter. Your lawyer may also advise and accompany you when you testify. We cannot give you legal advice.

*What will the Commission do with the materials I send and/or the testimony I provide?*

The enclosed SEC Form 1662 includes a List of Routine Uses of information provided to the Commission. This form has other important information for you. Please read it carefully.

*Has the Commission determined that anyone has done anything wrong?*

This investigation is a non-public, fact-finding inquiry. We are trying to determine whether there have been any violations of the federal securities laws. The investigation and the subpoena do not mean that we have concluded that you or anyone else has broken the law. Also, the investigation does not mean that we have a negative opinion of any person, entity or security.

*Important Policy Concerning Settlements*

Please note that, in any matter in which enforcement action is ultimately deemed to be warranted, the Division of Enforcement will not recommend any settlement to the Commission unless the party wishing to settle certifies, under penalty of perjury, that all documents responsive to Commission subpoenas and formal and informal document requests in this matter have been produced.

*I have read this letter, the subpoena, and the SEC Form 1662, but I still have questions. What should I do?*

If you have any other questions, you may contact me at (323) 965-4572.

Sincerely,

Melissia A. Buckhalter-Honore
Senior Counsel

Enclosures:    Subpoena
Attachment to Subpoena
SEC Form 1662
Electronic Document Production Guidelines

Exhibit 16  Page 105



**SUBPOENA**

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

*Elite Advisors Sports Management, Inc.* (LA-04415)

To:   Frank Robledo
        206 N. Walnuthaven Dr.
        West Covina, CA 91790

☒      **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below.

ENF-CPU, U.S. Securities and Exchange Commission, 100 F St., N.E., Mailstop 5973, Washington, D.C. 20549-5973, on October 23, 2014 at 9:00 a.m.

☒      **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date and time specified below.

5670 Wilshire Blvd., 11th Floor, Los Angeles, CA 90036, on October 23, 2014 at 9:00 a.m.

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
Failure to comply may subject you to a fine and/or imprisonment.

By: _____        Date:   October 15, 2014
        Melissia A. Buckhalter-Honore

I am an officer of the Securities and Exchange Commission authorized to issue subpoenas in this matter.  The Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 20(a) of the Securities Act of 1933, Section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS:       If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

Exhibit 16  Page 106



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**LOS ANGELES REGIONAL OFFICE**
SUITE 900
444 SOUTH FLOWER STREET
LOS ANGELES, CALIFORNIA 90071

## ATTACHMENT TO
## SUBPOENA DUCES TECUM
## ISSUED TO FRANK ROBLEDO

### October 15, 2014
### *Elite Advisors Sports Management, Inc.* (LA-04415)

I.    <u>Instructions and Definitions:</u>

This subpoena duces tecum requires the production of certain documents, as specified in Paragraph II of this attachment. The required documents are to be produced in accordance with the following general requirements:

A.  You should produce all documents, and all other materials described below, in your actual or constructive possession, custody or subject to your control.

B.  Produce the entirety of each and every document described below, without alteration, deletion or obliteration of any information contained therein, even though such information is not specifically requested.

C.  You may provide original documents or photocopies of original documents, at your expense, with the understanding that the staff has the right to compel production of the original documents at a later date.

D.  The terms "document" and "information" mean all records, materials and other tangible forms of expression in your possession or custody, or under your control, whether originals, copies, annotated copies, drafts or final versions, and however created, produced, stored or maintained, including, but not limited to, charts, lists, logs, spreadsheets, financial information or analyses, books, papers, files, notes, memoranda, reports, schedules, charts, lists, transcriptions, correspondence, telegrams, telexes, wire messages, telephone messages, calendars, diaries, budgets, invoices, audio and video recordings, e-mail, text messages, instant messaging, electronic data compilations, instant messages, and other electronic media, microfilm, microfiche, computer disks (or hard copy of the data contained on such disks), and other electronic media, microfilm, microfiche, and storage devices.

E.  The term "communication" includes any transmittal or receipt of information, whether by chance or prearranged, formal or informal, oral, written or electronic, and includes without limitation: conversations, meetings and discussions in person; conversations, meetings and discussions by telephone; and written correspondence through the use of the mails, courier services, electronic media (such as e-mail), and telephone lines and wires.

Exhibit 16  Page 107

Elite Advisors Sports Management, Inc.
Subpoena Attachment
Page 2

F.  The term "concerning" any subject means any communication or document that
evidences, involves, pertains to, constitutes, contains, discusses, embodies,
evidences, reflects, identifies, states, refers to, deals with, bears upon, supports, or
is in any way pertinent to that subject, including documents concerning the
preparation of other documents.

G.  If any of the documents called for are not produced, for whatever reason, submit a
list of the documents not produced and state for each document: the creator(s) of
the document, the date of its creation, its present or last known custodian, the
subject matter of the document, all persons or entities known to have been
furnished with the document or copies of the document or informed of its
substance, and the reason the document is not produced. Additionally, if the
document is no longer in existence, please state the actual or approximate date it
ceased to exist, the circumstances under which it ceased to exist, and the identity of
all persons having knowledge of the circumstances under which it ceased to exist or
having knowledge of the contents thereof.

H.  The term "Elite Advisors Sports Management" means Elite Advisors Sports
Management, Inc., and all entities in which it has or has had a controlling interest,
all of its attorneys, all subsidiaries, affiliates, predecessors, successors, officers,
directors, employees, agents, general partners, limited partners, partnerships,
websites and aliases, code-names or trade or business names used.

I.  The term "you" or "your" means Frank Robledo and all entities in which you have
or have had a controlling interest, all subsidiaries, affiliates, predecessors,
successors, officers, directors, employees, agents, general partners, limited
partners, partnerships, websites and aliases, code-names or trade or business names
used by any of the foregoing.

J.  "And" and "or" are to be construed in the broadest possible sense, that is in the
conjunctive or in the disjunctive as necessary to bring within the scope of the
request all documents that might otherwise be construed to be outside its scope.

K.  "Any" and "all" mean "each and every."

L.  "Including" and "includes" mean "without limitation."

M.  The use of the singular form of any word includes the plural and vice versa.

N.  The past tense includes the present tense and vice versa.

O.  Documents provided in response to this Subpoena shall be identified as responsive
to the number of the individual demand in Paragraph II to which they are requested.

Exhibit 16  Page 108

Elite Advisors Sports Management, Inc.
Subpoena Attachment
Page 3

    P.   **To the extent not required to be produced below, preserve all other communications, documents, information, e-mails, computers, and electronic media related to Elite Advisors Sports Management and Maria Hernandez.**

II.   <u>Required Documents.</u>  Produce documents dated, written, generated, received, or existing during the period from **January 1, 2011, through the present**.

    A.   All documents regarding any investment opportunities, services, membership and/or products offered, directly or indirectly, by you and Elite Advisors Sports Management, including any and all offering materials, prospectuses, websites, newspaper or television advertisements, brochures, power point presentations, seminar materials, private placement memoranda, offering memoranda or correspondence, sales literature, potential and actual client lists, potential and actual investor lists, sales leads, pitch sheets, sales scripts, sales training materials, telephone notes of sales calls, and all mailing lists for distribution of such materials;

    B.   All documents that identify all officers, directors, general partners, controlling persons, employees, consultants, salespeople, affiliates, independent contractors or other representatives of Elite Advisors Sports Management from their inception through the present, including the name, title, address and telephone number of each such person or entity;

    C.   All documents that identify all persons who solicited clients and investors for you and Elite Advisors Sports Management.

    D.   All documents that identify any person or entity that has been contacted and/or solicited by telephone, in person, by e-mail, or received advertising, contact, solicitation and/or offering materials distributed, directly or indirectly, by you and Elite Advisors Sports Management regarding any type of services or investment into Elite Advisors Sports Management including:

        1.   the name, address and telephone number of each person or entity solicited; and

        2.   the date and method of contact and/or solicitation.

    E.   All documents concerning each person and entity that has entered into client agreements with you and Elite Advisors Sports Management, either directly or indirectly through another person or entity, including the name, address, and telephone number of the clients and/or investors, the dates and amounts of their investments, all executed client agreements, and any evidence of or analysis concerning the accreditation or financial status of each client and/or investor.  This information should be separated by program offered.

Exhibit 16  Page 109

Elite Advisors Sports Management, Inc.
Subpoena Attachment
Page 4

F.    All documents concerning all communications sent to or received from clients, investors or prospective clients and investors in Elite Advisors Sports Management.

G.    All documents concerning the financial books and records of you and Elite Advisors Sports Management.

H.    All documents that identify the banks, brokerages or other financial institutions into which clients and/or investor funds have been deposited, including, but not limited to:

    1.    account numbers, name and branch location of each financial institution;

    2.    names of all beneficial owners of and signatories to each account; and

    3.    monthly account statements and other periodic reports.

I.    All documents concerning deposits and withdrawals from all bank accounts maintained by you and Elite Advisors Sports Management.

J.    All documents concerning the business(es) of you and Elite Advisors Sports Management, including but not limited to all internal and external communications concerning Elite Advisors Sports Management.

K.    All customer complaints, arbitration claims and lawsuits against you and Elite Advisors Sports Management from the dates of their inception to the present, and any responses thereto, including, if applicable, copies of each executed settlement agreement;

L.    All documents concerning payments to the directors, general partners, controlling persons, employees, consultants, salespeople, independent contractors, affiliates, representatives, or agents of Elite Advisors Sports Management, including but not limited to commissions, salaries, finders' fees, bonuses, or any other compensation, along with information regarding the basis for such payments;

M.    All documents concerning payments to you and Elite Advisors Sports Management.

N.    All documents concerning payments, whether in the form of interest, principal, dividends, or otherwise, to or from the clients and investors of Elite Advisors Sports Management, along with information regarding the basis for such payments; and

O.    All bank account and brokerage account information for you and Elite Advisors Sports Management.

P.    All compliance manuals for you and Elite Advisors Sports Management.

Exhibit 16  Page 110

Elite Advisors Sports Management, Inc.
Subpoena Attachment
Page 5

Q.      All signed copies of federal income tax returns filed for you and Elite
        Advisors Sports Management.

R.      All documents sufficient to describe each security offered by you and Elite
        Advisors Sports Management.

S.      All documents relating to the formation of Elite Advisors Sports Management
        including, but not limited to, any and all partnership agreements, and the
        company's articles of incorporation and by-laws.

T.      All documents relating to how you and Elite Advisors Sports Management
        located and/or identified potential clients and investors.

U.      All documents that evidence any investment opportunities, services and/or
        products offered to the public by you and Elite Advisors Sports Management.

V.      All documents sufficient to identify any customers with whom Elite Advisors
        Sports Management have done business, including the names, telephone
        numbers, addresses, dates and amounts of investment for such customers,
        and copies of authorizations to trade on behalf of any clients, customers or
        investors.

W.      All documents relating to rescission offers made to clients and/or investors
        by Elite Advisors Sports Management.

X.      Any and all correspondence between Elite Advisors Sports Management and
        FINRA, SEC, state, or any other securities regulatory agency concerning
        Elite Advisors Sports Management.

Y.      Any and all filings with FINRA, SEC, state, or any other securities
        regulatory agency concerning Elite Advisors Sports Management.

Z.      All documents that evidence grounds for any and all exemptions from the
        registration requirements of federal securities laws that apply to securities
        offered and sold by you and Elite Advisors Sports Management.

AA.     All documents relating to the use of any broker-dealer in the services of Elite
        Advisors Sports Management and all documents relating to the sale of
        securities by you and Elite Advisors Sports Management.

BB.     All documents that evidence grounds for any and all exemptions from the
        broker-dealer registration requirements of the federal securities laws that
        apply to you and Elite Advisors Sports Management.

CC.     All client and/or investor statements generated by you and Elite Advisors
        Sports Management.

DD.     All documents sufficient to identify any and all employees of you and of Elite
        Advisors Sports Management.

EE.     All documents relating to your involvement in hiring any sales personnel for
        Elite Advisors Sports Management.

Exhibit 16  Page 111

Elite Advisors Sports Management, Inc.
Subpoena Attachment
Page 6

FF.  All documents relating to the payment of compensation, whether by salary, commission or otherwise, of Elite Advisors Sports Management past and present employees, officers, directors, salespersons, and independent contractors, including, but not limited to, employment contracts, compensation plans, W-2's, and Form 1099's.

GG.  All documents that evidence each and every individual or entity that has a beneficial ownership interest in Elite Advisors Sports Management.

HH.  All correspondence between you and any securities broker-dealers concerning Elite Advisors Sports Management.

II.  All documents that evidence yours and Elite Advisors Sports Management commission rate schedule.

JJ.  All documents that evidence any relationships between you, Elite Advisors Sports Management and any securities broker-dealers.

KK.  All documents that were transmitted or received at **personal and business** e-mail addresses, blackberry accounts, or other accounts that were utilized by you or that were maintained by you, or that were transmitted or received by entities or individuals controlled by you or at your direction, that were transmitted, either directly or indirectly.  These documents should include, but not be limited to, monthly statements, correspondence, memoranda, contracts and agreements, and electronic and paper copies of all e-mails received or sent from such addresses or accounts during this relevant period.

LL.  All materials provided to potential investors in any of your and Elite Advisors Sports Management programs, including, and without limitation, its REIT programs.

MM.  All agreements between you, Elite Advisors Sports Management and any of its loan servicers.

Exhibit 16  Page 112

# SECURITIES AND EXCHANGE COMMISSION
## Washington, D.C. 20549

## Supplemental Information for Persons Requested to Supply
## Information Voluntarily or Directed to Supply Information
## Pursuant to a Commission Subpoena

**A. False Statements and Documents**

Section 1001 of Title 18 of the United States Code provides as follows:

[W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--
(1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
(2) makes any materially false, fictitious, or fraudulent statement or representation; or
(3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
shall be fined under this title, imprisoned not more than 5 years . . . or both.

**B. Testimony**

If your testimony is taken, you should be aware of the following:

1. *Record.* Your testimony will be transcribed by a reporter. If you desire to go off the record, please indicate this to the Commission employee taking your testimony, who will determine whether to grant your request. The reporter will not go off the record at your, or your counsel's, direction.

2. *Counsel.* You have the right to be accompanied, represented and advised by counsel of your choice. Your counsel may advise you before, and during and after your testimony; question you briefly at the conclusion of your testimony to clarify any of the answers you give during testimony; and make summary notes during your testimony solely for your use. If you are accompanied by counsel, you may consult privately.

If you are not accompanied by counsel, please advise the Commission employee taking your testimony if, during the testimony, you desire to be accompanied, represented and advised by counsel. Your testimony will be adjourned once to afford you the opportunity to arrange to be so accompanied, represented or advised.

You may be represented by counsel who also represents other persons involved in the Commission's investigation. This multiple representation, however, presents a potential conflict of interest if one client's interests are or may be adverse to another's. If you are represented by counsel who also represents other persons involved in the investigation, the Commission will assume that you and counsel have discussed and resolved all issues concerning possible conflicts of interest. The choice of counsel, and the responsibility for that choice, is yours.

3. *Transcript Availability.* Rule 6 of the Commission's Rules Relating to Investigations, 17 CFR 203.6, states:

A person who has submitted documentary evidence or testimony in a formal investigative proceeding shall be entitled, upon written request, to procure a copy of his documentary evidence or a transcript of his testimony on payment of the appropriate fees: *Provided, however,* That in a nonpublic formal investigative proceeding the Commission may for good cause deny such request. In any event, any witness, upon proper identification, shall have the right to inspect the official transcript of the witness' own testimony.

If you wish to purchase a copy of the transcript of your testimony, the reporter will provide you with a copy of the appropriate form. Persons requested to supply information voluntarily will be allowed the rights provided by this rule.

4. *Perjury.* Section 1621 of Title 18 of the United States Code provides as follows:

Whoever--
(1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or

SEC 1662 (08-13)

Exhibit 16  Page 113

(2) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true;

is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both.

5. *Fifth Amendment and Voluntary Testimony.* Information you give may be used against you in any federal, state, local or foreign administrative, civil or criminal proceeding brought by the Commission or any other agency.

You may refuse, in accordance with the rights guaranteed to you by the Fifth Amendment to the Constitution of the United States, to give any information that may tend to incriminate you.

If your testimony is not pursuant to subpoena, your appearance to testify is voluntary, you need not answer any question, and you may leave whenever you wish. Your cooperation is, however, appreciated.

6. *Formal Order Availability.* If the Commission has issued a formal order of investigation, it will be shown to you during your testimony, at your request. If you desire a copy of the formal order, please make your request in writing.

## C. Submissions and Settlements

Rule 5(c) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(c), states:

> Persons who become involved in . . . investigations may, on their own initiative, submit a written statement to the Commission setting forth their interests and position in regard to the subject matter of the investigation. Upon request, the staff, in its discretion, may advise such persons of the general nature of the investigation, including the indicated violations as they pertain to them, and the amount of time that may be available for preparing and submitting a statement prior to the presentation of a staff recommendation to the Commission for the commencement of an administrative or injunction proceeding. Submissions by interested persons should be forwarded to the appropriate Division Director or Regional Director with a copy to the staff members conducting the investigation and should be clearly referenced to the specific investigation to which they relate. In the event a recommendation for the commencement of an enforcement proceeding is presented by the staff, any submissions by interested persons will be forwarded to the Commission in conjunction with the staff memorandum.

The staff of the Commission routinely seeks to introduce submissions made pursuant to Rule 5(c) as evidence in Commission enforcement proceedings, when the staff deems appropriate.

Rule 5(f) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(f), states:

> In the course of the Commission's investigations, civil lawsuits, and administrative proceedings, the staff, with appropriate authorization, may discuss with persons involved the disposition of such matters by consent, by settlement, or in some other manner. It is the policy of the Commission, however, that the disposition of any such matter may not, expressly or impliedly, extend to any criminal charges that have been, or may be, brought against any such person or any recommendation with respect thereto. Accordingly, any person involved in an enforcement matter before the Commission who consents, or agrees to consent, to any judgment or order does so solely for the purpose of resolving the claims against him in that investigative, civil, or administrative matter and not for the purpose of resolving any criminal charges that have been, or might be, brought against him. This policy reflects the fact that neither the Commission nor its staff has the authority or responsibility for instituting, conducting, settling, or otherwise disposing of criminal proceedings. That authority and responsibility are vested in the Attorney General and representatives of the Department of Justice.

## D. Freedom of Information Act

The Freedom of Information Act, 5 U.S.C. 552 (the "FOIA"), generally provides for disclosure of information to the public. Rule 83 of the Commission's Rules on Information and Requests, 17 CFR 200.83, provides a procedure by which a person can make a written request that information submitted to the Commission not be disclosed under the FOIA. That rule states that no determination as to the validity of such a request will be made until a request for disclosure of the information under the FOIA is received. Accordingly, no response to a request that information not be disclosed under the FOIA is necessary or will be given until a request for disclosure under the FOIA is received. If you desire an acknowledgment of receipt of your written request that information not be disclosed under the FOIA, please provide a duplicate request, together with a stamped, self addressed envelope.

2

Exhibit 16  Page 114

### E. Authority for Solicitation of Information

*Persons Directed to Supply Information Pursuant to Subpoena.* The authority for requiring production of information is set forth in the subpoena. Disclosure of the information to the Commission is mandatory, subject to the valid assertion of any legal right or privilege you might have.

*Persons Requested to Supply Information Voluntarily.* One or more of the following provisions authorizes the Commission to solicit the information requested: Sections 19 and/or 20 of the Securities Act of 1933; Section 21 of the Securities Exchange Act of 1934; Section 321 of the Trust Indenture Act of 1939; Section 42 of the Investment Company Act of 1940; Section 209 of the Investment Advisers Act of 1940; and 17 CFR 202.5. Disclosure of the requested information to the Commission is voluntary on your part.

### F. Effect of Not Supplying Information

*Persons Directed to Supply Information Pursuant to Subpoena.* If you fail to comply with the subpoena, the Commission may seek a court order requiring you to do so. If such an order is obtained and you thereafter fail to supply the information, you may be subject to civil and/or criminal sanctions for contempt of court. In addition, if the subpoena was issued pursuant to the Securities Exchange Act of 1934, the Investment Company Act of 1940, and/or the Investment Advisers Act of 1940, and if you, without just cause, fail or refuse to attend and testify, or to answer any lawful inquiry, or to produce books, papers, correspondence, memoranda, and other records in compliance with the subpoena, you may be found guilty of a misdemeanor and fined not more than $1,000 or imprisoned for a term of not more than one year, or both.

*Persons Requested to Supply Information Voluntarily.* There are no direct sanctions and thus no direct effects for failing to provide all or any part of the requested information.

### G. Principal Uses of Information

The Commission's principal purpose in soliciting the information is to gather facts in order to determine whether any person has violated, is violating, or is about to violate any provision of the federal securities laws or rules for which the Commission has enforcement authority, such as rules of securities exchanges and the rules of the Municipal Securities Rulemaking Board. Facts developed may, however, constitute violations of other laws or rules. Information provided may be used in Commission and other agency enforcement proceedings. Unless the Commission or its staff explicitly agrees to the contrary in writing, you should not assume that the Commission or its staff acquiesces in, accedes to, or concurs or agrees with, any position, condition, request, reservation of right, understanding, or any other statement that purports, or may be deemed, to be or to reflect a limitation upon the Commission's receipt, use, disposition, transfer, or retention, in accordance with applicable law, of information provided.

### H. Routine Uses of Information

The Commission often makes its files available to other governmental agencies, particularly United States Attorneys and state prosecutors. There is a likelihood that information supplied by you will be made available to such agencies where appropriate. Whether or not the Commission makes its files available to other governmental agencies is, in general, a confidential matter between the Commission and such other governmental agencies.

Set forth below is a list of the routine uses which may be made of the information furnished.

1. To appropriate agencies, entities, and persons when (a) it is suspected or confirmed that the security or confidentiality of information in the system of records has been compromised; (b) the SEC has determined that, as a result of the suspected or confirmed compromise, there is a risk of harm to economic or property interests, identity theft or fraud, or harm to the security or integrity of this system or other systems or programs (whether maintained by the SEC or another agency or entity) that rely upon the compromised information; and (c) the disclosure made to such agencies, entities, and persons is reasonably necessary to assist in connection with the SEC's efforts to respond to the suspected or confirmed compromise and prevent, minimize, or remedy such harm.

2. To other federal, state, local, or foreign law enforcement agencies; securities self-regulatory organizations; and foreign financial regulatory authorities to assist in or coordinate regulatory or law enforcement activities with the SEC.

3. To national securities exchanges and national securities associations that are registered with the SEC, the Municipal Securities Rulemaking Board; the Securities Investor Protection Corporation; the Public Company Accounting Oversight Board; the federal banking authorities, including, but not limited to, the Board of Governors of the Federal Reserve System, the Comptroller of the Currency, and the Federal Deposit Insurance Corporation; state securities regulatory agencies or organizations; or regulatory authorities of a foreign government in connection with their regulatory or enforcement responsibilities.

3

Exhibit 16  Page 115

4. By SEC personnel for purposes of investigating possible violations of, or to conduct investigations authorized by, the federal securities laws.

5. In any proceeding where the federal securities laws are in issue or in which the Commission, or past or present members of its staff, is a party or otherwise involved in an official capacity.

6. In connection with proceedings by the Commission pursuant to Rule 102(e) of its Rules of Practice, 17 CFR 201.102(e).

7. To a bar association, state accountancy board, or other federal, state, local, or foreign licensing or oversight authority; or professional association or self-regulatory authority to the extent that it performs similar functions (including the Public Company Accounting Oversight Board) for investigations or possible disciplinary action.

8. To a federal, state, local, tribal, foreign, or international agency, if necessary to obtain information relevant to the SEC's decision concerning the hiring or retention of an employee; the issuance of a security clearance; the letting of a contract; or the issuance of a license, grant, or other benefit.

9. To a federal, state, local, tribal, foreign, or international agency in response to its request for information concerning the hiring or retention of an employee; the issuance of a security clearance; the reporting of an investigation of an employee; the letting of a contract; or the issuance of a license, grant, or other benefit by the requesting agency, to the extent that the information is relevant and necessary to the requesting agency's decision on the matter.

10. To produce summary descriptive statistics and analytical studies, as a data source for management information, in support of the function for which the records are collected and maintained or for related personnel management functions or manpower studies; may also be used to respond to general requests for statistical information (without personal identification of individuals) under the Freedom of Information Act.

11. To any trustee, receiver, master, special counsel, or other individual or entity that is appointed by a court of competent jurisdiction, or as a result of an agreement between the parties in connection with litigation or administrative proceedings involving allegations of violations of the federal securities laws (as defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)) or pursuant to the Commission's Rules of Practice, 17 CFR 201.100 – 900 or the Commission's Rules of Fair Fund and Disgorgement Plans, 17 CFR 201.1100-1106, or otherwise, where such trustee, receiver, master, special counsel, or other individual or entity is specifically designated to perform particular functions with respect to, or as a result of, the pending action or proceeding or in connection with the administration and enforcement by the Commission of the federal securities laws or the Commission's Rules of Practice or the Rules of Fair Fund and Disgorgement Plans.

12. To any persons during the course of any inquiry, examination, or investigation conducted by the SEC's staff, or in connection with civil litigation, if the staff has reason to believe that the person to whom the record is disclosed may have further information about the matters related therein, and those matters appeared to be relevant at the time to the subject matter of the inquiry.

13. To interns, grantees, experts, contractors, and others who have been engaged by the Commission to assist in the performance of a service related to this system of records and who need access to the records for the purpose of assisting the Commission in the efficient administration of its programs, including by performing clerical, stenographic, or data analysis functions, or by reproduction of records by electronic or other means. Recipients of these records shall be required to comply with the requirements of the Privacy Act of 1974, as amended, 5 U.S.C. 552a.

14. In reports published by the Commission pursuant to authority granted in the federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), which authority shall include, but not be limited to, section 21(a) of the Securities Exchange Act of 1934, 15 U.S.C. 78u(a)).

15. To members of advisory committees that are created by the Commission or by Congress to render advice and recommendations to the Commission or to Congress, to be used solely in connection with their official designated functions.

16. To any person who is or has agreed to be subject to the Commission's Rules of Conduct, 17 CFR 200.735-1 to 200.735-18, and who assists in the investigation by the Commission of possible violations of the federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), in the preparation or conduct of enforcement actions brought by the Commission for such violations, or otherwise in connection with the Commission's enforcement or regulatory functions under the federal securities laws.

4

Exhibit 16  Page 116

17.  To a Congressional office from the record of an individual in response to an inquiry from the Congressional office made at the request of that individual.

18.  To members of Congress, the press, and the public in response to inquiries relating to particular Registrants and their activities, and other matters under the Commission's jurisdiction.

19.  To prepare and publish information relating to violations of the federal securities laws as provided in 15 U.S.C. 78c(a)(47)), as amended.

20.  To respond to subpoenas in any litigation or other proceeding.

21.  To a trustee in bankruptcy.

22.  To any governmental agency, governmental or private collection agent, consumer reporting agency or commercial reporting agency, governmental or private employer of a debtor, or any other person, for collection, including collection by administrative offset, federal salary offset, tax refund offset, or administrative wage garnishment, of amounts owed as a result of Commission civil or administrative proceedings.

\* \* \* \* \*

*Small Business Owners*: The SEC always welcomes comments on how it can better assist small businesses. If you have comments about the SEC's enforcement of the securities laws, please contact the Office of Chief Counsel in the SEC's Division of Enforcement at 202-551-4933 or the SEC's Small Business Ombudsman at 202-551-3460. If you would prefer to comment to someone outside of the SEC, you can contact the Small Business Regulatory Enforcement Ombudsman at http://www.sba.gov/ombudsman or toll free at 888-REG-FAIR. The Ombudsman's office receives comments from small businesses and annually evaluates federal agency enforcement activities for their responsiveness to the special needs of small business.

Exhibit 16  Page 117



**U.S. Securities and Exchange Commission**

**Data Delivery Standards**

The following outlines the technical requirements for producing scanned paper collections, email and electronic document/ native file collections to the Securities and Exchange Commission. The SEC uses Recommind® *Axcelerate* v4.5 software to search, review and retrieve documents produced to us in electronic format. Any proposed production in a format other than those identified below, the proposed use of *Predictive Coding*, *computer-assisted review* or *technology-assisted review* (TAR), or the use of de-duplication during the processing of documents, must be discussed with and approved by the legal and technical staff of the Division of Enforcement (ENF) and the methodology must be disclosed in the cover letter. We appreciate your efforts in assisting us by preparing data in a format that will enable our staff to use the data efficiently.

General Instructions .................................................................................................................................................. 1

Delivery Formats ....................................................................................................................................................... 2

    I.  Structured Data - *Concordance*® Format ........................................................................................................ 2

        1.  Images .................................................................................................................................................. 2

        2.  *Concordance Image*® Cross-Reference File .................................................................................... 2

        3.  *Concordance*® Data File ...................................................................................................................... 3

        4.  Text ...................................................................................................................................................... 6

        5.  Linked Native Files ............................................................................................................................ 6

    II.  Native File Production ..................................................................................................................................... 6

    III.  Audio Files ..................................................................................................................................................... 6

    IV.  Video Files ..................................................................................................................................................... 7

    V.  Electronic Trade and Bank Records ............................................................................................................... 7

    VI.  Electronic Phone Records ............................................................................................................................... 7

**General Instructions**

1. A cover letter should be included with each production. *This letter MUST be imaged and provided as the first record in the load file.*
   The following information should be included in the letter:
   a. List of each piece of media (hard drive, thumb drive, DVD or CD) included in the production by the unique number assigned to it, and readily apparent on the physical media.
   b. List of custodians, identifying:
      1) The Bates range (and any gaps therein) for each custodian
      2) Total number of records for each custodian
      3) Total number of images for each custodian
      4) Total number of native files for each custodian
   c. List of fields in the order in which they are listed in the data file.
   d. Time zone in which emails were standardized during conversion (email collections only).
2. Documents created or stored electronically MUST be produced in their original electronic format, not printed to paper or PDF.
3. Data can be produced on CD, DVD or hard drive; *use the media requiring the least number of deliverables*.
4. Label all media with the following:
   a. Case number
   b. Production date
   c. Bates range
   d. Disk number (1 of X), if applicable

Exhibit 16  Page 118

5. Organize productions by custodian, unless otherwise instructed. All documents from an individual custodian should be confined to a single load file.
6. All productions should be checked and produced free of computer viruses.
7. All produced media should be encrypted.
8. Passwords for documents, files, compressed archives and encrypted media should be provided separately either via email or in a separate cover letter from the data.

### Delivery Formats

**I. Structured Data - *Concordance*® Format**

The SEC prefers that all data be produced in structured format prepared for *Concordance*®. All scanned paper, email and native file collections should be converted / processed to TIFF files, Bates numbered, and include fully searchable text. Additionally, email and native file collections should include linked native files.

Bates numbering documents:
The Bates number must be a unique, consistently formatted identifier, i.e., an alpha prefix along with a fixed length number for EACH custodian, i.e., ABC0000001. This format MUST remain consistent across all production numbers for each custodian. The number of digits in the numeric portion of the format should not change in subsequent productions, nor should spaces, hyphens, or other separators be added or deleted.

The following describes the specifications for producing image-based productions to the SEC and the load files required for *Concordance*® and *Concordance Image*®.

**1. Images**
   a. Images should be single-page, Group IV TIFF files, scanned at 300 dpi.
   b. File names cannot contain embedded spaces.
   c. Bates numbers should be endorsed on the lower right corner of all images.
   d. The number of TIFF files per folder should not exceed 500 files.
   e. Rendering to images PowerPoint, AUTOCAD/ photographs and Excel files:
      1) PowerPoint: All pages of the file should be scanned in full slide image format, with any speaker notes following the appropriate slide image.
      2) AUTOCAD/ photographs: If possible, files should be scanned to single page JPEG (.JPG) file format.
      3) Excel: TIFF images of spreadsheets are not useful for review purposes; because the imaging process can often generate thousands of pages per file, a placeholder image, named by the *IMAGEID* of the file, may be used instead.

**2. *Concordance Image*® Cross-Reference File**
The image cross-reference file is needed to link the images to the database. It is a comma-delimited file consisting of seven fields per line. There must be a line in the cross-reference file for every image in the database.

The format is as follows:
*ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,BoxBreak,PageCount*

| | |
|---|---|
| *ImageID*: | The unique designation that *Concordance*® and *Concordance Image*® use to identify an image. ***Note:*** *This imageID key **must** be a unique and fixed length number. This number will be used in the .DAT file as the ImageID field that links the database to the images. The format of this image key must be consistent across all productions. We recommend that the format be a 7 digit number to allow for the possible increase in the size of a production.* |
| *VolumeLabel*: | Optional |
| *ImageFilePath*: | The full path to the image file. |
| *DocumentBreak*: | The letter "Y" denotes the first page of a document. If this field is blank, then the page is not the first page of a document. |
| *FolderBreak*: | Leave empty |
| *BoxBreak*: | Leave empty |
| *PageCount*: | Optional |

Exhibit 16  Page 119

Sample

```
IMG0000001,,E:\001\IMG0000001.TIF,Y,,,
IMG0000002,,E:\001\IMG0000002.TIF,,,,
IMG0000003,,E:\001\IMG0000003.TIF,,,,
IMG0000004,,E:\001\IMG0000003.TIF,Y,,,
IMG0000005,,E:\001\IMG0000003.TIF,Y,,,
IMG0000006,,E:\001\IMG0000003.TIF,,,,
```

3.  *Concordance® Data File*
    The data file (.DAT) contains all of the fielded information that will be loaded into the *Concordance®* database.

    a.  The first line of the .DAT file must be a header row identifying the field names.
    b.  The .DAT file must use the following *Concordance®* default delimiters:
        | | | |
        |---|---|---|
        | Comma | ¶ | ASCII character (020) |
        | Quote | þ | ASCII character (254) |
        | Newline | ® | ASCII character (174) |

    c.  Date fields should be provided in the format:  mm/dd/yyyy
    d.  All attachments should sequentially follow the parent document/email.
    e.  All metadata associated with email, audio files, and native electronic document collections must be produced (see pages 4-5).

    f.  The .DAT file for scanned paper collections must contain, at a minimum, the following fields:
        1)  FIRSTBATES:    Beginning Bates number
        2)  LASTBATES:     Ending Bates number
        3)  IMAGEID:       Image Key field
        4)  CUSTODIAN:     Individual from whom the document originated
        5)  OCRTEXT:       Optical Character Recognition  (file path, or text)

    Sample of .DAT file (when text files are provided separately)

    ```
    þFIRSTBATESþ¶þLASTBATESþ¶þIMAGEIDþ¶þCUSTODIANþ¶þOCRTEXTþ
    þPC00000001þ¶þPC00000002þ¶þIMG0000001þ¶þSmith, Johnþ¶þE:\TEXT\PC00000001.TXTþ
    þPC00000003þ¶þPC00000003þ¶þIMG0000003þ¶þSmith, Johnþ¶þE:\TEXT\PC00000003.TXTþ
    þPC00000004þ¶þPC00000005þ¶þIMG0000004þ¶þSmith, Johnþ¶þE:\TEXT\PC00000004.TXTþ
    ```

    Sample of .DAT file (with text)

    ```
    þFIRSTBATESþ¶þLASTBATESþ¶þIMAGEIDþ¶þCUSTODIANþ¶þOCRTEXTþ
    þPC00000001þ¶þPC00000002þ¶þIMG0000001þ¶þSmith, Johnþ¶þ*** IMG0000001 ***®®The world of
    investing is fascinating and complex, and it can be very fruitful. But unlike the banking
    world, where deposits are guaranteed by the federal government, stocks, bonds and other
    securities can lose value. There are no guarantees. That's why investing is not a spectator
    sport. By far the best way for investors to protect the money they put into the securities
    markets is to do research and ask questions.®® *** IMG0000002 ***®®The laws and rules that
    govern the securities industry in the United States derive from a simple and
    straightforward concept: all investors, whether large institutions or private individuals,
    should have access to certain basic facts about an investment prior to buying it, and so
    long as they hold it. To achieve this, the SEC requires public companies to disclose
    meaningful financial and other information to the public. This provides a common pool of
    knowledge for all investors to use to judge for themselves whether to buy, sell, or hold a
    particular security. Only through the steady flow of timely, comprehensive, and accurate
    information can people make sound investment decisions.þ
    þPC00000003þ¶þPC00000003þ¶þIMG0000003þ¶þSmith, Johnþ¶þ***IMG0000003 ***®®The result of this
    information flow is a far more active, efficient, and transparent capital market that
    facilitates the capital formation so important to our nation's economy.þ
    þPC00000004þ¶þPC00000004þ¶þIMG0000004þ¶þSmith, Johnþ¶þ *** IMG0000004 ***®®To insure that
    this objective is always being met, the SEC continually works with all major market
    participants, including especially the investors in our securities markets, to listen to
    their concerns and to learn from their experience.®® *** IMG0000005 ***®®The SEC oversees
    the key participants in the securities world, including securities exchanges, securities
    brokers and dealers, investment advisors, and mutual funds. Here the SEC is concerned
    primarily with promoting the disclosure of important market-related information,
    maintaining fair dealing, and protecting against fraud.þ
    ```

Exhibit 16  Page 120

The text and metadata of Email and the attachments, and native file document collections should be extracted and provided in a .DAT file using the field definition and formatting described below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email<br>**The LASTBATES field should be populated<br>for single page documents/emails. |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| PARENT_BATES | EDC0000001 | First Bates number of parent document/Email<br>**This PARENT_BATES field should be populated<br>in each record representing an attachment "child"<br>document |
| CHILD_BATES | EDC0000002; EDC0000014 | First Bates number of "child" attachment(s); can be more than one Bates number listed depending on the number of attachments<br>**The CHILD_BATES field should be populated in<br>each record representing a "parent" document |
| CUSTODIAN | Smith, John | Email: mailbox where the email resided<br>Native: Individual from whom the document<br>originated |
| FROM | John Smith | Email: Sender<br>Native: Author(s) of document<br>**semi-colon should be used to separate multiple<br>Entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s)<br>**semi-colon should be used to separate multiple<br>Entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s)<br>**semi-colon should be used to separate multiple<br>Entries |
| BCC | John Cain | Blind carbon copy recipient(s)<br>**semi-colon should be used to separate multiple<br>Entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email<br>Native: Title of document (if available) |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent<br>Native: (empty) |
| TIME_SENT | 07:05 PM | Email: Time the email was sent<br>Native: (empty)<br>**This data must be a separate field and cannot be<br>combined with the DATE_SENT field |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document<br>**The linked file must be named per the<br>FIRSTBATES number |
| MIME_TYPE | MSG | The content type of an Email or native file document as identified/extracted from the header |
| FILE_EXTEN | MSG | The file type extension representing the Email or native file document; will vary depending on the email format |
| AUTHOR | John Smith | Email: (empty)<br>Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty)<br>Native: Date the document was created |

Exhibit 16  Page 121

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
| --- | --- | --- |
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| PRINTED_DATE | 10/12/2010 | Email: (empty)<br>Native: Date the document was last printed |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID<br>Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c 2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| TEXT | From: Smith, John<br>Sent: Tuesday, October 12, 2010 07:05 PM<br>To: Coffman, Janice<br>Subject: Board Meeting Minutes<br><br>Janice;<br>Attached is a copy of the September Board Meeting Minutes and the draft agenda for October. Please let me know if you have any questions.<br><br>John Smith<br>Assistant Director<br>Information Technology<br>Phone: (202) 555-1111<br>Fax: (202) 555-1112<br>Email: jsmith@xyz.com | Extracted text of the native file document/email |

4. **Text**
Searchable text of the entire document must be provided for every record, at the document level.

 a. Extracted text must be provided for all documents that originated in electronic format. The text files should include page breaks that correspond to the 'pagination' of the image files. Note: Any document in which text cannot be extracted must be OCR'd, particularly in the case of PDFs without embedded text.

 b. OCR text must be provided for all documents that originated in hard copy format. A page marker should be placed at the beginning, or end, of each page of text, e.g. *** IMG0000001 *** whenever possible. The data surrounded by asterisks is the *Concordance®* ImageID .

 Sample page markers with OCR text:

 > *** IMG0000001 ***
 >
 > The world of investing is fascinating and complex, and it can be very fruitful. But unlike the banking world, where deposits are guaranteed by the federal government, stocks, bonds and other securities can lose value. There are no guarantees. That's why investing is not a spectator sport. By far the best way for investors to protect the money they put into the securities markets is to do research and ask questions.
 >
 > *** IMG0000002 ***
 >
 > The laws and rules that govern the securities industry in the United States derive from a simple and straightforward concept: all investors, whether large institutions or private individuals, should have access to certain basic facts about an investment prior to buying it, and so long as they hold it. To achieve this, the SEC requires public companies to disclose meaningful financial and other information to the public. This provides a common pool of knowledge for all investors to use to judge for themselves whether to buy, sell, or hold a particular security. Only through the steady flow of timely, comprehensive, and accurate information can people make sound investment decisions.

 c. For redacted documents, provide the full text for the redacted version.

 d. Delivery
 The text can be delivered two ways:
 1) As multi-page ASCII text files with the files named the same as the ImageID field. Text files can be placed in a separate folder or included with the .TIF files. The number of files per folder should be limited to 500 files.
 2) Included in the .DAT file.

5. **Linked Native Files**
Copies of original email and native file documents/attachments must be included for all electronic productions.
 a. Native file documents must be named per the FIRSTBATES number.
 b. The full path of the native file must be provided in the .DAT file for the LINK field.
 c. The number of native files per folder should not exceed 500 files.

II. **Native File Production**
The SEC will also accept native file productions. The files must be produced as they are maintained in the normal course of business. Data must be organized by custodian named file folders.

III. **Audio Files**
Audio files from telephone recording systems must be produced in a format that is playable using Microsoft Windows Media Player™. Additionally, the call information (metadata) related to each audio recording MUST be provided. The metadata file must be produced in a delimited text format. Field names must be included in the first row of the text file.

The metadata must include, at a minimum, the following fields:

| | | |
|---|---|---|
| 1) | Caller Name: | Caller's name or account/identification number |
| 2) | Originating Number: | Caller's phone number |
| 3) | Called Party Name: | Called party's name |
| 4) | Terminating Number: | Called party's phone number |

Exhibit 16  Page 123

5)  Date:               Date of call
6)  Time:               Time of call
7)  Filename:           Filename of audio file

## IV.  Video Files

Video files must be produced in a format that is playable using Microsoft Windows Media Player™.

## V.  Electronic Trade and Bank Records

When producing electronic trade and bank records, provide the files in one of the following formats:

1.  MS Excel spreadsheet with header information detailing the field structure. If any special codes exist in the dataset, a separate document must be provided that details all such codes. If details of the field structure do not fit in the header, a separate document must be provided that includes such details.

2.  Delimited text file with header information detailing the field structure. The preferred delimiter is a vertical bar "|". If any special codes exist in the dataset, a separate document must be provided that details all such codes. If details of the field structure do not fit in the header, a separate document must be provided that includes such details.

## VI.  Electronic Phone Records

When producing electronic phone records, provide the files in one of the following formats:

1.  MS Excel spreadsheet with header information detailing the field structure. If any special codes exist in the dataset, a separate document must be provided that details all such codes. If details of the field structure do not fit in the header, a separate document must be provided that includes such details.  Data must be formatted in its native format (i.e. dates in a date format, numbers in an appropriate numerical format, and numbers with leading zeros as text).

2.  Delimited text file with header information detailing the field structure. The preferred delimiter is a vertical bar "|". If any special codes exist in the dataset, a separate document must be provided that details all such codes. If details of the field structure do not fit in the header, a separate document must be provided that includes such details.

The metadata must include, at a minimum, the following fields in separate columns:

1)  Account Number:        Caller's telephone account number
2)  Originating Number:    Caller's phone number
3)  Terminating Number:    Called party's phone number
4)  Connection Date:       Date of call
5)  Connection Time:       Start time of call
6)  End Time:              End time of call
7)  Elapsed Time:          Duration in minutes of the call

Each field of data must be loaded into a separate column.  For example, Connection Date and Connection Time must be produced in separate columns and not combined into a single column containing both pieces of information.  Any fields of data that are provided in addition to those listed here must also be loaded into separate columns.

Exhibit 16  Page 124

## UPS CampusShip: View/Print Label

1. **Ensure there are no other shipping or tracking labels attached to your package.** Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed sheet containing the label at the line so that the entire shipping label is visible. Place the label on a single side of the package and cover it completely with clear plastic shipping tape. Do not cover any seams or closures on the package with the label.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **UPS locations include the UPS Store®, UPS drop boxes, UPS customer centers, authorized retail outlets and UPS drivers.**
   Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   Hand the package to any UPS driver in your area.
   Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services(SM) (including via Ground) are also accepted at Drop Boxes. To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.

   **Customers with a Daily Pickup**
   Your driver will pickup your shipment(s) as usual.

FOLD HERE



EXHIBIT 3



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**LOS ANGELES REGIONAL OFFICE**
SUITE 900
444 SOUTH FLOWER STREET
LOS ANGELES, CALIFORNIA 90071

Melissia A. Buckhalter-Honore
Senior Counsel
Telephone: (323) 965-4572
Facsimile: (213) 443-1903
E-Mail: Buckhalter-honorem@sec.gov

OCTOBER 15, 2014

**VIA UPS**

Elite Advisors Sports Management, Inc.
c/o Frank Robledo
206 N. Walnuthaven Dr.
West Covina, CA 91790

Re:     *Elite Advisors Sports Management, Inc.* (LA-04415)

Dear Custodian of Records:

The staff of the Securities and Exchange Commission is conducting an investigation in the matter identified above. The enclosed **subpoena** has been issued to you as part of this investigation. The subpoena requires you to give us documents and/or provide sworn testimony. Please note that if you comply with the instructions for producing documents, you will not need to appear for testimony at the indicated time.

Please read the subpoena and this letter carefully. This letter answers some questions you may have about the subpoena. You should also read the enclosed SEC Form 1662. You must comply with the subpoena. You may be subject to a fine and/or imprisonment if you do not.

**Producing Documents**

*What materials do I have to produce?*

The subpoena requires you to give us the documents described in the attachment to the subpoena. You must provide these documents by **October 23, 2014**. The attachment to the subpoena defines some terms (such as "documents") before listing what you must provide.

Please note that if copies of a document differ in any way, they are considered separate documents and you must send each one. For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you must send both the clean copy and the one with notes.

If you prefer, you may send us photocopies of the originals. The Commission cannot reimburse you for the copying costs. The copies must be identical to the originals, including even faint marks or print. If you choose to send copies, you <u>must</u> keep the originals in a safe place. The staff will accept the copies for now, but may require you to produce the originals later.

If you <u>do</u> send us photocopies, please put an identifying notation on each page of each document to indicate that it was produced by you, and number the pages of all the documents submitted. **For documents you produce, please number the pages EA 000001, EA 000002, EA 000003, etc., in a blank corner of the documents.** Please make sure the notation and number do not conceal any writing or marking on the document. If you send us originals, please <u>do</u> <u>not</u> add any identifying notations.

Exhibit 17  Page 126

Elite Advisors Sports Management, Inc.
October 15, 2014
Page 2

If you wish to produce the documents electronically, please ensure that the production complies with the guidelines enclosed with this letter.

*Do I need to send anything else?*

You should enclose a list briefly describing each item you send. The list should state which paragraph(s) in the subpoena attachment each item responds to. A copy of the subpoena should be included with the documents that are produced.

Passwords for documents, files, compressed archives, and encrypted media should be provided separately either via email addressed to ENF-CPU@sec.gov, or in a separate cover letter mailed separately from the data.

Please include a cover letter stating whether you believe you have met your obligations under the subpoena by searching carefully and thoroughly for everything called for by the subpoena, and sending it all to us.

*What if I do not send everything described in the attachment to the subpoena?*

The subpoena requires you to send all the materials described in it. If for any reason – including a claim of attorney-client privilege – you do not produce something called for by the subpoena, you should submit a list of what you are not producing. The list should describe each item separately, noting:

- its author(s);
- its date;
- its subject matter;
- the name of the person who has the item now, or the last person known to have it;
- the names of everyone who ever had the item or a copy of it, and the names of everyone who was told the item's contents; and
- the reason you did not produce the item.

If you withhold anything on the basis of a claim of attorney-client privilege or attorney work product protection, you should also identify the attorney and client involved.

*Where should I send the materials?*

Please send the materials to: ENF-CPU
U.S. Securities and Exchange Commission
100 F St., N.E., Mailstop 5973
Washington, D.C. 20549-5973

Please send me an email/mail of your cover letter submitted to the above location, as well as notification that you have produced the documents to the above referenced location on or before the due date. My email address is BUCKHALTER-HONOREM@SEC.GOV. (ALL LOWER CASE) My mailing address is 5670 Wilshire Blvd., 11th Floor, Los Angeles, CA 90036.

## Testifying

*Where and when do I testify?*

The subpoena requires you to come to the Securities and Exchange Commission, at 9:00 a.m. at 5670 Wilshire Blvd., Suite 1100, Los Angeles, CA 90036, on **October 23, 2014**, to testify under oath in the matter identified on the subpoena. But, as noted above, if you

Exhibit 17 Page 127

Elite Advisors Sports Management, Inc.
October 15, 2014
Page 3

comply with all the directions for producing documents, we will not require you to testify at the indicated time. We may require your testimony later, however.

**Other Important Information**

*May I have a lawyer help me respond to the subpoena?*

Yes. You have the right to consult with and be represented by your own lawyer in this matter. Your lawyer may also advise and accompany you when you testify. We cannot give you legal advice.

*What will the Commission do with the materials I send and/or the testimony I provide?*

The enclosed SEC Form 1662 includes a List of Routine Uses of information provided to the Commission. This form has other important information for you. Please read it carefully.

*Has the Commission determined that anyone has done anything wrong?*

This investigation is a non-public, fact-finding inquiry. We are trying to determine whether there have been any violations of the federal securities laws. The investigation and the subpoena do not mean that we have concluded that you or anyone else has broken the law. Also, the investigation does not mean that we have a negative opinion of any person, entity or security.

*Important Policy Concerning Settlements*

Please note that, in any matter in which enforcement action is ultimately deemed to be warranted, the Division of Enforcement will not recommend any settlement to the Commission unless the party wishing to settle certifies, under penalty of perjury, that all documents responsive to Commission subpoenas and formal and informal document requests in this matter have been produced.

*I have read this letter, the subpoena, and the SEC Form 1662, but I still have questions. What should I do?*

If you have any other questions, you may contact me at (323) 965-4572.

Sincerely,

Melissia A. Buckhalter-Honore
Senior Counsel

Enclosures:    Subpoena
               Attachment to Subpoena
               SEC Form 1662
               Electronic Document Production Guidelines

Exhibit 17  Page 128



**SUBPOENA**

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

*Elite Advisors Sports Management, Inc.* (LA-04415)

To:    Elite Advisors Sports Management, Inc.
c/o Frank Robledo
206 N. Walnuthaven Dr.
West Covina, CA 91790

☒    **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below.

ENF-CPU, U.S. Securities and Exchange Commission, 100 F St., N.E., Mailstop 5973, Washington, D.C. 20549-5973, on October 23, 2014 at 9:00 a.m.

☒    **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date and time specified below.

5670 Wilshire Blvd., 11th Floor, Los Angeles, CA 90036, on October 23, 2014 at 9:00 a.m.

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA**.
Failure to comply may subject you to a fine and/or imprisonment.

By:    _____         Date:    October 15, 2014
Melissia A. Buckhalter-Honore

I am an officer of the Securities and Exchange Commission authorized to issue subpoenas in this matter.  The Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 20(a) of the Securities Act of 1933, Section 21(a) of the Securities Exchange Act of 1934.



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**LOS ANGELES REGIONAL OFFICE**
SUITE 900
444 SOUTH FLOWER STREET
LOS ANGELES, CALIFORNIA 90071

<u>ATTACHMENT TO</u>
<u>SUBPOENA DUCES TECUM</u>
<u>ISSUED TO ELITE ADVISORS SPORTS MANAGEMENT, INC.</u>

<u>October 15, 2014</u>
*Elite Advisors Sports Management, Inc.* (LA-04415)

I.    <u>Instructions and Definitions</u>:

This subpoena duces tecum requires the production of certain documents, as specified in Paragraph II of this attachment. The required documents are to be produced in accordance with the following general requirements:

A.  You should produce all documents, and all other materials described below, in your actual or constructive possession, custody or subject to your control.

B.  Produce the entirety of each and every document described below, without alteration, deletion or obliteration of any information contained therein, even though such information is not specifically requested.

C.  You may provide original documents or photocopies of original documents, at your expense, with the understanding that the staff has the right to compel production of the original documents at a later date.

D.  The terms "document" and "information" mean all records, materials and other tangible forms of expression in your possession or custody, or under your control, whether originals, copies, annotated copies, drafts or final versions, and however created, produced, stored or maintained, including, but not limited to, charts, lists, logs, spreadsheets, financial information or analyses, books, papers, files, notes, memoranda, reports, schedules, charts, lists, transcriptions, correspondence, telegrams, telexes, wire messages, telephone messages, calendars, diaries, budgets, invoices, audio and video recordings, e-mail, text messages, instant messaging, electronic data compilations, instant messages, and other electronic media, microfilm, microfiche, computer disks (or hard copy of the data contained on such disks), and other electronic media, microfilm, microfiche, and storage devices.

E.  The term "communication" includes any transmittal or receipt of information, whether by chance or prearranged, formal or informal, oral, written or electronic, and includes without limitation: conversations, meetings and discussions in person; conversations, meetings and discussions by telephone; and written correspondence through the use of the mails, courier services, electronic media (such as e-mail), and telephone lines and wires.

Exhibit 17 Page 130

Elite Advisors Sports Management, Inc.
Subpoena Attachment
Page 2

F.  The term "concerning" any subject means any communication or document that evidences, involves, pertains to, constitutes, contains, discusses, embodies, evidences, reflects, identifies, states, refers to, deals with, bears upon, supports, or is in any way pertinent to that subject, including documents concerning the preparation of other documents.

G.  If any of the documents called for are not produced, for whatever reason, submit a list of the documents not produced and state for each document: the creator(s) of the document, the date of its creation, its present or last known custodian, the subject matter of the document, all persons or entities known to have been furnished with the document or copies of the document or informed of its substance, and the reason the document is not produced. Additionally, if the document is no longer in existence, please state the actual or approximate date it ceased to exist, the circumstances under which it ceased to exist, and the identity of all persons having knowledge of the circumstances under which it ceased to exist or having knowledge of the contents thereof.

H.  The term "Elite Advisors Sports Management" means Elite Advisors Sports Management, Inc., and all entities in which it has or has had a controlling interest, all of its attorneys, all subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships, websites and aliases, code-names or trade or business names used.

I.  The term "you" or "your" means Elite Advisors Sports Management and all entities in which you have or have had a controlling interest, all subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships, websites and aliases, code-names or trade or business names used by any of the foregoing.

J.  "And" and "or" are to be construed in the broadest possible sense, that is in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

K.  "Any" and "all" mean "each and every."

L.  "Including" and "includes" mean "without limitation."

M.  The use of the singular form of any word includes the plural and vice versa.

N.  The past tense includes the present tense and vice versa.

O.  Documents provided in response to this Subpoena shall be identified as responsive to the number of the individual demand in Paragraph II to which they are requested.

Exhibit 17  Page 131

Elite Advisors Sports Management, Inc.
Subpoena Attachment
Page 3

P. **To the extent not required to be produced below, preserve all other communications, documents, information, e-mails, computers, and electronic media related to Elite Advisors Sports Management and Maria Hernandez.**

II. <u>Required Documents.</u>  Produce documents dated, written, generated, received, or existing during the period from **January 1, 2011, through the present**.

A. All documents regarding any investment opportunities, services, membership and/or products offered, directly or indirectly, by Elite Advisors Sports Management, including any and all offering materials, prospectuses, websites, newspaper or television advertisements, brochures, power point presentations, seminar materials, private placement memoranda, offering memoranda or correspondence, sales literature, potential and actual client lists, potential and actual investor lists, sales leads, pitch sheets, sales scripts, sales training materials, telephone notes of sales calls, and all mailing lists for distribution of such materials;

B. All documents that identify all officers, directors, general partners, controlling persons, employees, consultants, salespeople, affiliates, independent contractors or other representatives of Elite Advisors Sports Management from their inception through the present, including the name, title, address and telephone number of each such person or entity;

C. All documents that identify all persons who solicited clients and investors for Elite Advisors Sports Management.

D. All documents that identify any person or entity that has been contacted and/or solicited by telephone, in person, by e-mail, or received advertising, contact, solicitation and/or offering materials distributed, directly or indirectly, by Elite Advisors Sports Management regarding any type of services or investment into Elite Advisors Sports Management including:

1. the name, address and telephone number of each person or entity solicited; and

2. the date and method of contact and/or solicitation.

E. All documents concerning each person and entity that has entered into client agreements with Elite Advisors Sports Management, either directly or indirectly through another person or entity, including the name, address, and telephone number of the clients and/or investors, the dates and amounts of their investments, all executed client agreements, and any evidence of or analysis concerning the accreditation or financial status of each client and/or investor.  This information should be separated by program offered.

F. All documents concerning all communications sent to or received from clients, investors or prospective clients and investors in Elite Advisors Sports Management.

Exhibit 17  Page 132

Elite Advisors Sports Management, Inc.
Subpoena Attachment
Page 4

G.    All documents concerning the financial books and records of Elite Advisors Sports Management.

H.    All documents that identify the banks, brokerages or other financial institutions into which clients and/or investor funds have been deposited, including, but not limited to:

    1.   account numbers, name and branch location of each financial institution;

    2.   names of all beneficial owners of and signatories to each account; and

    3.   monthly account statements and other periodic reports.

I.    All documents concerning deposits and withdrawals from all bank accounts maintained by Elite Advisors Sports Management.

J.    All documents concerning the business(es) of Elite Advisors Sports Management, including but not limited to all internal and external communications concerning Elite Advisors Sports Management.

K.    All customer complaints, arbitration claims and lawsuits against Elite Advisors Sports Management from the dates of their inception to the present, and any responses thereto, including, if applicable, copies of each executed settlement agreement;

L.    All documents concerning payments to the directors, general partners, controlling persons, employees, consultants, salespeople, independent contractors, affiliates, representatives, or agents of Elite Advisors Sports Management, including but not limited to commissions, salaries, finders' fees, bonuses, or any other compensation, along with information regarding the basis for such payments;

M.    All documents concerning payments to Elite Advisors Sports Management.

N.    All documents concerning payments, whether in the form of interest, principal, dividends, or otherwise, to or from the clients and investors of Elite Advisors Sports Management, along with information regarding the basis for such payments; and

O.    All bank account and brokerage account information for Elite Advisors Sports Management.

P.    All compliance manuals for Elite Advisors Sports Management.

Q.    All signed copies of federal income tax returns filed for Elite Advisors Sports Management.

R.    All documents sufficient to describe each security offered by Elite Advisors Sports Management.

Exhibit 17  Page 133

Elite Advisors Sports Management, Inc.
Subpoena Attachment
Page 5

S.    All documents relating to the formation of Elite Advisors Sports Management
      including, but not limited to, any and all partnership agreements, and the
      company's articles of incorporation and by-laws.

T.    All documents relating to how Elite Advisors Sports Management located
      and/or identified potential clients and investors.

U.    All documents that evidence any investment opportunities, services and/or
      products offered to the public by Elite Advisors Sports Management.

V.    All documents sufficient to identify any customers with whom Elite Advisors
      Sports Management have done business, including the names, telephone
      numbers, addresses, dates and amounts of investment for such customers,
      and copies of authorizations to trade on behalf of any clients, customers or
      investors.

W.    All documents relating to rescission offers made to clients and/or investors
      by Elite Advisors Sports Management.

X.    Any and all correspondence between Elite Advisors Sports Management and
      FINRA, SEC, state, or any other securities regulatory agency concerning
      Elite Advisors Sports Management.

Y.    Any and all filings with FINRA, SEC, state, or any other securities
      regulatory agency concerning Elite Advisors Sports Management.

Z.    All documents that evidence grounds for any and all exemptions from the
      registration requirements of federal securities laws that apply to securities
      offered and sold by Elite Advisors Sports Management.

AA.   All documents relating to the use of any broker-dealer in the services of Elite
      Advisors Sports Management and all documents relating to the sale of
      securities by Elite Advisors Sports Management.

BB.   All documents that evidence grounds for any and all exemptions from the
      broker-dealer registration requirements of the federal securities laws that
      apply to Elite Advisors Sports Management.

CC.   All client and/or investor statements generated by Elite Advisors Sports
      Management.

DD.   All documents sufficient to identify any and all employees of Elite Advisors
      Sports Management.

EE.   All documents relating to your involvement in hiring any sales personnel for
      Elite Advisors Sports Management.

FF.   All documents relating to the payment of compensation, whether by salary,
      commission or otherwise, of Elite Advisors Sports Management past and
      present employees, officers, directors, salespersons, and independent
      contractors, including, but not limited to, employment contracts,
      compensation plans, W-2's, and Form 1099's.

Exhibit 17  Page 134

Elite Advisors Sports Management, Inc.
Subpoena Attachment
Page 6

GG. All documents that evidence each and every individual or entity that has a beneficial ownership interest in Elite Advisors Sports Management.

HH. All correspondence between Elite Advisors Sports Management and any securities broker-dealers concerning Elite Advisors Sports Management.

II. All documents that evidence Elite Advisors Sports Management commission rate schedule.

JJ. All documents that evidence any relationships between Elite Advisors Sports Management and any securities broker-dealers.

KK. All documents that were transmitted or received at **personal and business** e-mail addresses, blackberry accounts, or other accounts that were utilized by Elite Advisors Sports Management or that were maintained by Elite Advisors Sports Management, or that were transmitted or received by entities or individuals controlled by Elite Advisors Sports Management or at Elite Advisors Sports Management direction, that were transmitted, either directly or indirectly. These documents should include, but not be limited to, monthly statements, correspondence, memoranda, contracts and agreements, and electronic and paper copies of all e-mails received or sent from such addresses or accounts during this relevant period.

LL. All materials provided to potential investors in any of Elite Advisors Sports Management programs, including, and without limitation, its REIT programs.

MM. All agreements between Elite Advisors Sports Management and any of its loan servicers.

Exhibit 17  Page 135

# SECURITIES AND EXCHANGE COMMISSION
## Washington, D.C. 20549

## Supplemental Information for Persons Requested to Supply
## Information Voluntarily or Directed to Supply Information
## Pursuant to a Commission Subpoena

### A. False Statements and Documents

Section 1001 of Title 18 of the United States Code provides as follows:

> [W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--
>> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
>> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
>> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
> shall be fined under this title, imprisoned not more than 5 years . . . or both.

### B. Testimony

If your testimony is taken, you should be aware of the following:

1. *Record*. Your testimony will be transcribed by a reporter. If you desire to go off the record, please indicate this to the Commission employee taking your testimony, who will determine whether to grant your request. The reporter will not go off the record at your, or your counsel's, direction.

2. *Counsel*. You have the right to be accompanied, represented and advised by counsel of your choice. Your counsel may advise you before, during and after your testimony; question you briefly at the conclusion of your testimony to clarify any of the answers you give during testimony; and make summary notes during your testimony solely for your use. If you are accompanied by counsel, you may consult privately.

If you are not accompanied by counsel, please advise the Commission employee taking your testimony if, during the testimony, you desire to be accompanied, represented and advised by counsel. Your testimony will be adjourned once to afford you the opportunity to arrange to be so accompanied, represented or advised.

You may be represented by counsel who also represents other persons involved in the Commission's investigation. This multiple representation, however, presents a potential conflict of interest if one client's interests are or may be adverse to another's. If you are represented by counsel who also represents other persons involved in the investigation, the Commission will assume that you and counsel have discussed and resolved all issues concerning possible conflicts of interest. The choice of counsel, and the responsibility for that choice, is yours.

3. *Transcript Availability*. Rule 6 of the Commission's Rules Relating to Investigations, 17 CFR 203.6, states:

> A person who has submitted documentary evidence or testimony in a formal investigative proceeding shall be entitled, upon written request, to procure a copy of his documentary evidence or a transcript of his testimony on payment of the appropriate fees: *Provided, however*, That in a nonpublic formal investigative proceeding the Commission may for good cause deny such request. In any event, any witness, upon proper identification, shall have the right to inspect the official transcript of the witness' own testimony.

If you wish to purchase a copy of the transcript of your testimony, the reporter will provide you with a copy of the appropriate form. Persons requested to supply information voluntarily will be allowed the rights provided by this rule.

4. *Perjury*. Section 1621 of Title 18 of the United States Code provides as follows:

> Whoever--
>> (1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or

SEC 1662 (08-13)

Exhibit 17  Page 136

(2) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true;

is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both.

5. *Fifth Amendment and Voluntary Testimony*. Information you give may be used against you in any federal, state, local or foreign administrative, civil or criminal proceeding brought by the Commission or any other agency.

You may refuse, in accordance with the rights guaranteed to you by the Fifth Amendment to the Constitution of the United States, to give any information that may tend to incriminate you.

If your testimony is not pursuant to subpoena, your appearance to testify is voluntary, you need not answer any question, and you may leave whenever you wish. Your cooperation is, however, appreciated.

6. *Formal Order Availability*. If the Commission has issued a formal order of investigation, it will be shown to you during your testimony, at your request. If you desire a copy of the formal order, please make your request in writing.

## C. Submissions and Settlements

Rule 5(c) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(c), states:

> Persons who become involved in . . . investigations may, on their own initiative, submit a written statement to the Commission setting forth their interests and position in regard to the subject matter of the investigation. Upon request, the staff, in its discretion, may advise such persons of the general nature of the investigation, including the indicated violations as they pertain to them, and the amount of time that may be available for preparing and submitting a statement prior to the presentation of a staff recommendation to the Commission for the commencement of an administrative or injunction proceeding. Submissions by interested persons should be forwarded to the appropriate Division Director or Regional Director with a copy to the staff members conducting the investigation and should be clearly referenced to the specific investigation to which they relate. In the event a recommendation for the commencement of an enforcement proceeding is presented by the staff, any submissions by interested persons will be forwarded to the Commission in conjunction with the staff memorandum.

The staff of the Commission routinely seeks to introduce submissions made pursuant to Rule 5(c) as evidence in Commission enforcement proceedings, when the staff deems appropriate.

Rule 5(f) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(f), states:

> In the course of the Commission's investigations, civil lawsuits, and administrative proceedings, the staff, with appropriate authorization, may discuss with persons involved the disposition of such matters by consent, by settlement, or in some other manner. It is the policy of the Commission, however, that the disposition of any such matter may not, expressly or impliedly, extend to any criminal charges that have been, or may be, brought against any such person or any recommendation with respect thereto. Accordingly, any person involved in an enforcement matter before the Commission who consents, or agrees to consent, to any judgment or order does so solely for the purpose of resolving the claims against him in that investigative, civil, or administrative matter and not for the purpose of resolving any criminal charges that have been, or might be, brought against him. This policy reflects the fact that neither the Commission nor its staff has the authority or responsibility for instituting, conducting, settling, or otherwise disposing of criminal proceedings. That authority and responsibility are vested in the Attorney General and representatives of the Department of Justice.

## D. Freedom of Information Act

The Freedom of Information Act, 5 U.S.C. 552 (the "FOIA"), generally provides for disclosure of information to the public. Rule 83 of the Commission's Rules on Information and Requests, 17 CFR 200.83, provides a procedure by which a person can make a written request that information submitted to the Commission not be disclosed under the FOIA. That rule states that no determination as to the validity of such a request will be made until a request for disclosure of the information under the FOIA is received. Accordingly, no response to a request that information not be disclosed under the FOIA is necessary or will be given until a request for disclosure under the FOIA is received. If you desire an acknowledgment of receipt of your written request that information not be disclosed under the FOIA, please provide a duplicate request, together with a stamped, self addressed envelope.

2

Exhibit 17  Page 137

### E. Authority for Solicitation of Information

*Persons Directed to Supply Information Pursuant to Subpoena.* The authority for requiring production of information is set forth in the subpoena. Disclosure of the information to the Commission is mandatory, subject to the valid assertion of any legal right or privilege you might have.

*Persons Requested to Supply Information Voluntarily.* One or more of the following provisions authorizes the Commission to solicit the information requested: Sections 19 and/or 20 of the Securities Act of 1933; Section 21 of the Securities Exchange Act of 1934; Section 321 of the Trust Indenture Act of 1939; Section 42 of the Investment Company Act of 1940; Section 209 of the Investment Advisers Act of 1940; and 17 CFR 202.5. Disclosure of the requested information to the Commission is voluntary on your part.

### F. Effect of Not Supplying Information

*Persons Directed to Supply Information Pursuant to Subpoena.* If you fail to comply with the subpoena, the Commission may seek a court order requiring you to do so. If such an order is obtained and you thereafter fail to supply the information, you may be subject to civil and/or criminal sanctions for contempt of court. In addition, if the subpoena was issued pursuant to the Securities Exchange Act of 1934, the Investment Company Act of 1940, and/or the Investment Advisers Act of 1940, and if you, without just cause, fail or refuse to attend and testify, or to answer any lawful inquiry, or to produce books, papers, correspondence, memoranda, and other records in compliance with the subpoena, you may be found guilty of a misdemeanor and fined not more than $1,000 or imprisoned for a term of not more than one year, or both.

*Persons Requested to Supply Information Voluntarily.* There are no direct sanctions and thus no direct effects for failing to provide all or any part of the requested information.

### G. Principal Uses of Information

The Commission's principal purpose in soliciting the information is to gather facts in order to determine whether any person has violated, is violating, or is about to violate any provision of the federal securities laws or rules for which the Commission has enforcement authority, such as rules of securities exchanges and the rules of the Municipal Securities Rulemaking Board. Facts developed may, however, constitute violations of other laws or rules. Information provided may be used in Commission and other agency enforcement proceedings. Unless the Commission or its staff explicitly agrees to the contrary in writing, you should not assume that the Commission or its staff acquiesces in, accedes to, or concurs or agrees with, any position, condition, request, reservation of right, understanding, or any other statement that purports, or may be deemed, to be or to reflect a limitation upon the Commission's receipt, use, disposition, transfer, or retention, in accordance with applicable law, of information provided.

### H. Routine Uses of Information

The Commission often makes its files available to other governmental agencies, particularly United States Attorneys and state prosecutors. There is a likelihood that information supplied by you will be made available to such agencies where appropriate. Whether or not the Commission makes its files available to other governmental agencies is, in general, a confidential matter between the Commission and such other governmental agencies.

Set forth below is a list of the routine uses which may be made of the information furnished.

1. To appropriate agencies, entities, and persons when (a) it is suspected or confirmed that the security or confidentiality of information in the system of records has been compromised; (b) the SEC has determined that, as a result of the suspected or confirmed compromise, there is a risk of harm to economic or property interests, identity theft or fraud, or harm to the security or integrity of this system or other systems or programs (whether maintained by the SEC or another agency or entity) that rely upon the compromised information; and (c) the disclosure made to such agencies, entities, and persons is reasonably necessary to assist in connection with the SEC's efforts to respond to the suspected or confirmed compromise and prevent, minimize, or remedy such harm.

2. To other federal, state, local, or foreign law enforcement agencies; securities self-regulatory organizations; and foreign financial regulatory authorities to assist in or coordinate regulatory or law enforcement activities with the SEC.

3. To national securities exchanges and national securities associations that are registered with the SEC, the Municipal Securities Rulemaking Board; the Securities Investor Protection Corporation; the Public Company Accounting Oversight Board; the federal banking authorities, including, but not limited to, the Board of Governors of the Federal Reserve System, the Comptroller of the Currency, and the Federal Deposit Insurance Corporation; state securities regulatory agencies or organizations; or regulatory authorities of a foreign government in connection with their regulatory or enforcement responsibilities.

Exhibit 17  Page 138

4. By SEC personnel for purposes of investigating possible violations of, or to conduct investigations authorized by, the federal securities laws.

5. In any proceeding where the federal securities laws are in issue or in which the Commission, or past or present members of its staff, is a party or otherwise involved in an official capacity.

6. In connection with proceedings by the Commission pursuant to Rule 102(e) of its Rules of Practice, 17 CFR 201.102(e).

7. To a bar association, state accountancy board, or other federal, state, local, or foreign licensing or oversight authority; or professional association or self-regulatory authority to the extent that it performs similar functions (including the Public Company Accounting Oversight Board) for investigations or possible disciplinary action.

8. To a federal, state, local, tribal, foreign, or international agency, if necessary to obtain information relevant to the SEC's decision concerning the hiring or retention of an employee; the issuance of a security clearance; the letting of a contract; or the issuance of a license, grant, or other benefit.

9. To a federal, state, local, tribal, foreign, or international agency in response to its request for information concerning the hiring or retention of an employee; the issuance of a security clearance; the reporting of an investigation of an employee; the letting of a contract; or the issuance of a license, grant, or other benefit by the requesting agency, to the extent that the information is relevant and necessary to the requesting agency's decision on the matter.

10. To produce summary descriptive statistics and analytical studies, as a data source for management information, in support of the function for which the records are collected and maintained or for related personnel management functions or manpower studies; may also be used to respond to general requests for statistical information (without personal identification of individuals) under the Freedom of Information Act.

11. To any trustee, receiver, master, special counsel, or other individual or entity that is appointed by a court of competent jurisdiction, or as a result of an agreement between the parties in connection with litigation or administrative proceedings involving allegations of violations of the federal securities laws (as defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)) or pursuant to the Commission's Rules of Practice, 17 CFR 201.100 – 900 or the Commission's Rules of Fair Fund and Disgorgement Plans, 17 CFR 201.1100-1106, or otherwise, where such trustee, receiver, master, special counsel, or other individual or entity is specifically designated to perform particular functions with respect to, or as a result of, the pending action or proceeding or in connection with the administration and enforcement by the Commission of the federal securities laws or the Commission's Rules of Practice or the Rules of Fair Fund and Disgorgement Plans.

12. To any persons during the course of any inquiry, examination, or investigation conducted by the SEC's staff, or in connection with civil litigation, if the staff has reason to believe that the person to whom the record is disclosed may have further information about the matters related therein, and those matters appeared to be relevant at the time to the subject matter of the inquiry.

13. To interns, grantees, experts, contractors, and others who have been engaged by the Commission to assist in the performance of a service related to this system of records and who need access to the records for the purpose of assisting the Commission in the efficient administration of its programs, including by performing clerical, stenographic, or data analysis functions, or by reproduction of records by electronic or other means. Recipients of these records shall be required to comply with the requirements of the Privacy Act of 1974, as amended, 5 U.S.C. 552a.

14. In reports published by the Commission pursuant to authority granted in the federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), which authority shall include, but not be limited to, section 21(a) of the Securities Exchange Act of 1934, 15 U.S.C. 78u(a)).

15. To members of advisory committees that are created by the Commission or by Congress to render advice and recommendations to the Commission or to Congress, to be used solely in connection with their official designated functions.

16. To any person who is or has agreed to be subject to the Commission's Rules of Conduct, 17 CFR 200.735-1 to 200.735-18, and who assists in the investigation by the Commission of possible violations of the federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), in the preparation or conduct of enforcement actions brought by the Commission for such violations, or otherwise in connection with the Commission's enforcement or regulatory functions under the federal securities laws.

4

Exhibit 17  Page 139

17. To a Congressional office from the record of an individual in response to an inquiry from the Congressional office made at the request of that individual.

18. To members of Congress, the press, and the public in response to inquiries relating to particular Registrants and their activities, and other matters under the Commission's jurisdiction.

19. To prepare and publish information relating to violations of the federal securities laws as provided in 15 U.S.C. 78c(a)(47)), as amended.

20. To respond to subpoenas in any litigation or other proceeding.

21. To a trustee in bankruptcy.

22. To any governmental agency, governmental or private collection agent, consumer reporting agency or commercial reporting agency, governmental or private employer of a debtor, or any other person, for collection, including collection by administrative offset, federal salary offset, tax refund offset, or administrative wage garnishment, of amounts owed as a result of Commission civil or administrative proceedings.

\* \* \* \* \*

*Small Business Owners*: The SEC always welcomes comments on how it can better assist small businesses. If you have comments about the SEC's enforcement of the securities laws, please contact the Office of Chief Counsel in the SEC's Division of Enforcement at 202-551-4933 or the SEC's Small Business Ombudsman at 202-551-3460. If you would prefer to comment to someone outside of the SEC, you can contact the Small Business Regulatory Enforcement Ombudsman at http://www.sba.gov/ombudsman or toll free at 888-REG-FAIR. The Ombudsman's office receives comments from small businesses and annually evaluates federal agency enforcement activities for their responsiveness to the special needs of small business.

Exhibit 17  Page 140



**U.S. Securities and Exchange Commission**

**Data Delivery Standards**

The following outlines the technical requirements for producing scanned paper collections, email and electronic document/ native file collections to the Securities and Exchange Commission. The SEC uses Recommind® Axcelerate v4.5 software to search, review and retrieve documents produced to us in electronic format. Any proposed production in a format other than those identified below, the proposed use of *Predictive Coding*, *computer-assisted review* or *technology-assisted review* (TAR), or the use of de-duplication during the processing of documents, must be discussed with and approved by the legal and technical staff of the Division of Enforcement (ENF) and the methodology must be disclosed in the cover letter. We appreciate your efforts in assisting us by preparing data in a format that will enable our staff to use the data efficiently.

General Instructions .................................................................................................................................................. 1

Delivery Formats ...................................................................................................................................................... 2

   I.   Structured Data - *Concordance*® Format ....................................................................................................... 2

      1.  Images ........................................................................................................................................................ 2

      2.  *Concordance Image*® Cross-Reference File ........................................................................................... 2

      3.  *Concordance*® Data File ........................................................................................................................ 3

      4.  Text ............................................................................................................................................................ 6

      5.  Linked Native Files .................................................................................................................................. 6

  II.  Native File Production ................................................................................................................................... 6

 III.  Audio Files ...................................................................................................................................................... 6

 IV.  Video Files ...................................................................................................................................................... 7

  V.  Electronic Trade and Bank Records ............................................................................................................. 7

 VI.  Electronic Phone Records .............................................................................................................................. 7

**General Instructions**

1. A cover letter should be included with each production. *This letter MUST be imaged and provided as the first record in the load file.*
   The following information should be included in the letter:
   a. List of each piece of media (hard drive, thumb drive, DVD or CD) included in the production by the unique number assigned to it, and readily apparent on the physical media.
   b. List of custodians, identifying:
      1) The Bates range (and any gaps therein) for each custodian
      2) Total number of records for each custodian
      3) Total number of images for each custodian
      4) Total number of native files for each custodian
   c. List of fields in the order in which they are listed in the data file.
   d. Time zone in which emails were standardized during conversion (email collections only).
2. Documents created or stored electronically MUST be produced in their original electronic format, not printed to paper or PDF.
3. Data can be produced on CD, DVD or hard drive; *use the media requiring the least number of deliverables.*
4. Label all media with the following:
   a. Case number
   b. Production date
   c. Bates range
   d. Disk number (1 of X), if applicable

Exhibit 17  Page 141

5. Organize productions by custodian, unless otherwise instructed. All documents from an individual custodian should be confined to a single load file.
6. All productions should be checked and produced free of computer viruses.
7. All produced media should be encrypted.
8. Passwords for documents, files, compressed archives and encrypted media should be provided separately either via email or in a separate cover letter from the data.

## Delivery Formats

**I.   Structured Data -** *Concordance®* **Format**
The SEC prefers that all data be produced in structured format prepared for *Concordance®*. All scanned paper, email and native file collections should be converted / processed to TIFF files, Bates numbered, and include fully searchable text. Additionally, email and native file collections should include linked native files.

Bates numbering documents:
The Bates number must be a unique, consistently formatted identifier, i.e., an alpha prefix along with a fixed length number for EACH custodian, i.e., ABC0000001. This format MUST remain consistent across all production numbers for each custodian. The number of digits in the numeric portion of the format should not change in subsequent productions, nor should spaces, hyphens, or other separators be added or deleted.

The following describes the specifications for producing image-based productions to the SEC and the load files required for *Concordance®* and *Concordance Image®*.

**1.   Images**
  a.   Images should be single-page, Group IV TIFF files, scanned at 300 dpi.
  b.   File names cannot contain embedded spaces.
  c.   Bates numbers should be endorsed on the lower right corner of all images.
  d.   The number of TIFF files per folder should not exceed 500 files.
  e.   Rendering to images PowerPoint, AUTOCAD/ photographs and Excel files:
    1)   PowerPoint: All pages of the file should be scanned in full slide image format, with any speaker notes following the appropriate slide image.
    2)   AUTOCAD/ photographs: If possible, files should be scanned to single page JPEG (.JPG) file format.
    3)   Excel: TIFF images of spreadsheets are not useful for review purposes; because the imaging process can often generate thousands of pages per file, a placeholder image, named by the *IMAGEID* of the file, may be used instead.

**2.   *Concordance Image®* Cross-Reference File**
The image cross-reference file is needed to link the images to the database. It is a comma-delimited file consisting of seven fields per line. There must be a line in the cross-reference file for every image in the database.

The format is as follows:
*ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,BoxBreak,PageCount*

| | |
|---|---|
| *ImageID*: | The unique designation that *Concordance®* and *Concordance Image®* use to identify an image. ***Note:*** *This imageID key* ***must*** *be a unique and fixed length number. This number will be used in the .DAT file as the ImageID field that links the database to the images. The format of this image key must be consistent across all productions. We recommend that the format be a 7 digit number to allow for the possible increase in the size of a production.* |
| *VolumeLabel*: | Optional |
| *ImageFilePath*: | The full path to the image file. |
| *DocumentBreak*: | The letter "Y" denotes the first page of a document. If this field is blank, then the page is not the first page of a document. |
| *FolderBreak*: | Leave empty |
| *BoxBreak*: | Leave empty |
| *PageCount*: | Optional |

(Revised 01/17/2013)                                          - 2 -

Exhibit 17  Page 142

Sample

```
IMG0000001,,E:\001\IMG0000001.TIF,Y,,,
IMG0000002,,E:\001\IMG0000002.TIF,,,,
IMG0000003,,E:\001\IMG0000003.TIF,,,,
IMG0000004,,E:\001\IMG0000003.TIF,Y,,,
IMG0000005,,E:\001\IMG0000003.TIF,Y,,,
IMG0000006,,E:\001\IMG0000003.TIF,,,,
```

3. *Concordance® Data File*
   The data file (.DAT) contains all of the fielded information that will be loaded into the *Concordance®* database.

   a. The first line of the .DAT file must be a header row identifying the field names.
   b. The .DAT file must use the following *Concordance®* default delimiters:
      
      | Comma | ¶ | ASCII character (020) |
      |-------|---|------------------------|
      | Quote | þ | ASCII character (254) |
      | Newline | ® | ASCII character (174) |

   c. Date fields should be provided in the format: mm/dd/yyyy
   d. All attachments should sequentially follow the parent document/email.
   e. All metadata associated with email, audio files, and native electronic document collections must be produced (see pages 4-5).

   f. The .DAT file for scanned paper collections must contain, at a minimum, the following fields:
      1) FIRSTBATES:   Beginning Bates number
      2) LASTBATES:    Ending Bates number
      3) IMAGEID:      Image Key field
      4) CUSTODIAN:    Individual from whom the document originated
      5) OCRTEXT:      Optical Character Recognition  (file path, or text)

   Sample of .DAT file (when text files are provided separately)

```
þFIRSTBATESþ¶þLASTBATESþ¶þIMAGEIDþ¶þCUSTODIANþ¶þOCRTEXTþ
þPC00000001þ¶þPC00000002þ¶þIMG0000001þ¶þSmith, Johnþ¶þE:\TEXT\PC00000001.TXTþ
þPC00000003þ¶þPC00000003þ¶þIMG0000003þ¶þSmith, Johnþ¶þE:\TEXT\PC00000003.TXTþ
þPC00000004þ¶þPC00000005þ¶þIMG0000004þ¶þSmith, Johnþ¶þE:\TEXT\PC00000004.TXTþ
```

   Sample of .DAT file (with text)

```
þFIRSTBATESþ¶þLASTBATESþ¶þIMAGEIDþ¶þCUSTODIANþ¶þOCRTEXTþ
þPC00000001þ¶þPC00000002þ¶þIMG0000001þ¶þSmith, Johnþ¶þ*** IMG0000001 ***®®The world of
investing is fascinating and complex, and it can be very fruitful. But unlike the banking
world, where deposits are guaranteed by the federal government, stocks, bonds and other
securities can lose value. There are no guarantees. That's why investing is not a spectator
sport. By far the best way for investors to protect the money they put into the securities
markets is to do research and ask questions.®® *** IMG0000002 ***®®The laws and rules that
govern the securities industry in the United States derive from a simple and
straightforward concept: all investors, whether large institutions or private individuals,
should have access to certain basic facts about an investment prior to buying it, and so
long as they hold it. To achieve this, the SEC requires public companies to disclose
meaningful financial and other information to the public. This provides a common pool of
knowledge for all investors to use to judge for themselves whether to buy, sell, or hold a
particular security. Only through the steady flow of timely, comprehensive, and accurate
information can people make sound investment decisions.þ
þPC00000003þ¶þPC00000003þ¶þIMG0000003þ¶þSmith, Johnþ¶þ***IMG0000003 ***®®The result of this
information flow is a far more active, efficient, and transparent capital market that
facilitates the capital formation so important to our nation's economy.þ
þPC00000004þ¶þPC00000005þ¶þIMG0000004þ¶þSmith, Johnþ¶þ *** IMG0000004 ***®®To insure that
this objective is always being met, the SEC continually works with all major market
participants, including especially the investors in our securities markets, to listen to
their concerns and to learn from their experience.®® *** IMG0000005 ***®®The SEC oversees
the key participants in the securities world, including securities exchanges, securities
brokers and dealers, investment advisors, and mutual funds. Here the SEC is concerned
primarily with promoting the disclosure of important market-related information,
maintaining fair dealing, and protecting against fraud.þ
```

Exhibit 17  Page 143

The text and metadata of Email and the attachments, and native file document collections should be extracted and provided in a .DAT file using the field definition and formatting described below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email<br>**The LASTBATES field should be populated<br>    for single page documents/emails. |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| PARENT_BATES | EDC0000001 | First Bates number of parent document/Email<br>**This PARENT_BATES field should be populated<br>    in each record representing an attachment "child"<br>    document |
| CHILD_BATES | EDC0000002; EDC0000014 | First Bates number of "child" attachment(s); can be more than one Bates number listed depending on the number of attachments<br>**The CHILD_BATES field should be populated in<br>    each record representing a "parent" document |
| CUSTODIAN | Smith, John | Email:  mailbox where the email resided<br>Native: Individual from whom the document<br>    originated |
| FROM | John Smith | Email:  Sender<br>Native: Author(s) of document<br>**semi-colon should be used to separate multiple<br>    Entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s)<br>**semi-colon should be used to separate multiple<br>    Entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s)<br>**semi-colon should be used to separate multiple<br>    Entries |
| BCC | John Cain | Blind carbon copy recipient(s)<br>**semi-colon should be used to separate multiple<br>    Entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email<br>Native: Title of document (if available) |
| DATE_SENT | 10/12/2010 | Email:  Date the email was sent<br>Native: (empty) |
| TIME_SENT | 07:05 PM | Email: Time the email was sent<br>Native: (empty)<br>**This data must be a separate field and cannot be<br>    combined with the DATE_SENT field |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document<br>**The linked file must be named per the<br>    FIRSTBATES number |
| MIME_TYPE | MSG | The content type of an Email or native file document as identified/extracted from the header |
| FILE_EXTEN | MSG | The file type extension representing the Email or native file document; will vary depending on the email format |
| AUTHOR | John Smith | Email: (empty)<br>Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty)<br>Native: Date the document was created |

Exhibit 17  Page 144

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
|---|---|---|
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| PRINTED_DATE | 10/12/2010 | Email: (empty)<br>Native: Date the document was last printed |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID<br>Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| TEXT | From: Smith, John<br>Sent: Tuesday, October 12, 2010 07:05 PM<br>To: Coffman, Janice<br>Subject: Board Meeting Minutes<br><br>Janice;<br>Attached is a copy of the September Board Meeting Minutes and the draft agenda for October. Please let me know if you have any questions.<br><br>John Smith<br>Assistant Director<br>Information Technology<br>Phone: (202) 555-1111<br>Fax: (202) 555-1112<br>Email: jsmith@xyz.com | Extracted text of the native file document/email |

Exhibit 17  Page 145

**4. Text**

Searchable text of the entire document must be provided for every record, at the document level.

    a.   Extracted text must be provided for all documents that originated in electronic format. The text files should include page breaks that correspond to the 'pagination' of the image files. Note: Any document in which text cannot be extracted must be OCR'd, particularly in the case of PDFs without embedded text.

    b.   OCR text must be provided for all documents that originated in hard copy format. A page marker should be placed at the beginning, or end, of each page of text, e.g. *** IMG0000001 *** whenever possible. The data surrounded by asterisks is the *Concordance*® ImageID .

    Sample page markers with OCR text:

> **\*\*\* IMG0000001 \*\*\***
>
> The world of investing is fascinating and complex, and it can be very fruitful. But unlike the banking world, where deposits are guaranteed by the federal government, stocks, bonds and other securities can lose value. There are no guarantees. That's why investing is not a spectator sport. By far the best way for investors to protect the money they put into the securities markets is to do research and ask questions.
>
> **\*\*\* IMG0000002 \*\*\***
>
> The laws and rules that govern the securities industry in the United States derive from a simple and straightforward concept: all investors, whether large institutions or private individuals, should have access to certain basic facts about an investment prior to buying it, and so long as they hold it. To achieve this, the SEC requires public companies to disclose meaningful financial and other information to the public. This provides a common pool of knowledge for all investors to use to judge for themselves whether to buy, sell, or hold a particular security. Only through the steady flow of timely, comprehensive, and accurate information can people make sound investment decisions.

    c.   For redacted documents, provide the full text for the redacted version.

    d.   Delivery

        The text can be delivered two ways:

        1)   As multi-page ASCII text files with the files named the same as the ImageID field. Text files can be placed in a separate folder or included with the .TIF files. The number of files per folder should be limited to 500 files.

        2)   Included in the .DAT file.

**5. Linked Native Files**

Copies of original email and native file documents/attachments must be included for all electronic productions.

    a.   Native file documents must be named per the FIRSTBATES number.

    b.   The full path of the native file must be provided in the .DAT file for the LINK field.

    c.   The number of native files per folder should not exceed 500 files.

**II.   Native File Production**

The SEC will also accept native file productions. The files must be produced as they are maintained in the normal course of business. Data must be organized by custodian named file folders.

**III.   Audio Files**

Audio files from telephone recording systems must be produced in a format that is playable using Microsoft Windows Media Player™. Additionally, the call information (metadata) related to each audio recording MUST be provided. The metadata must be produced in a delimited text format. Field names must be included in the first row of the text file.

The metadata must include, at a minimum, the following fields:

| | | |
|---|---|---|
| 1) | Caller Name: | Caller's name or account/identification number |
| 2) | Originating Number: | Caller's phone number |
| 3) | Called Party Name: | Called party's name |
| 4) | Terminating Number: | Called party's phone number |

Exhibit 17  Page 146

| 5) | Date: | Date of call |
| 6) | Time: | Time of call |
| 7) | Filename: | Filename of audio file |

## IV. Video Files

Video files must be produced in a format that is playable using Microsoft Windows Media Player™.

## V. Electronic Trade and Bank Records

When producing electronic trade and bank records, provide the files in one of the following formats:

1. MS Excel spreadsheet with header information detailing the field structure. If any special codes exist in the dataset, a separate document must be provided that details all such codes. If details of the field structure do not fit in the header, a separate document must be provided that includes such details.

2. Delimited text file with header information detailing the field structure. The preferred delimiter is a vertical bar "|". If any special codes exist in the dataset, a separate document must be provided that details all such codes. If details of the field structure do not fit in the header, a separate document must be provided that includes such details.

## VI. Electronic Phone Records

When producing electronic phone records, provide the files in one of the following formats:

1. MS Excel spreadsheet with header information detailing the field structure. If any special codes exist in the dataset, a separate document must be provided that details all such codes. If details of the field structure do not fit in the header, a separate document must be provided that includes such details. Data must be formatted in its native format (i.e. dates in a date format, numbers in an appropriate numerical format, and numbers with leading zeros as text).

2. Delimited text file with header information detailing the field structure. The preferred delimiter is a vertical bar "|". If any special codes exist in the dataset, a separate document must be provided that details all such codes. If details of the field structure do not fit in the header, a separate document must be provided that includes such details.

The metadata must include, at a minimum, the following fields in separate columns:

| 1) | Account Number: | Caller's telephone account number |
| 2) | Originating Number: | Caller's phone number |
| 3) | Terminating Number: | Called party's phone number |
| 4) | Connection Date: | Date of call |
| 5) | Connection Time: | Start time of call |
| 6) | End Time: | End time of call |
| 7) | Elapsed Time: | Duration in minutes of the call |

Each field of data must be loaded into a separate column. For example, Connection Date and Connection Time must be produced in separate columns and not combined into a single column containing both pieces of information. Any fields of data that are provided in addition to those listed here must also be loaded into separate columns.

Exhibit 17  Page 147

Case 8:14-cv-00699-JVS-RZ Document 52 Filed 12/04/15 Page 87 of 87 Page ID #:<pageID>

## UPS CampusShip: View/Print Label

1. **Ensure there are no other shipping or tracking labels attached to your package.** Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed sheet containing the label at the line so that the entire shipping label is visible. Place the label on a single side of the package and cover it completely with clear plastic shipping tape. Do not cover any seams or closures on the package with the label.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **UPS locations include the UPS Store®, UPS drop boxes, UPS customer centers, authorized retail outlets and UPS drivers.**
   Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   Hand the package to any UPS driver in your area.
   Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services(SM) (including via Ground) are also accepted at Drop Boxes. To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.

   **Customers with a Daily Pickup**
   Your driver will pickup your shipment(s) as usual.

FOLD HERE



Exhibit 17  Page 148

https://www.campusship.ups.com/cship/create?ActionOriginPair=default___PrintWindo...     10/15/2014